IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARTAY SCRUGGS,

      Plaintiff,                             No. CIV S-06-0633 FCD DAD P

     vs.

S. VANCE, et al.,

      Defendants.                        <u>ORDER</u>

_____/

        Plaintiff, a former state prisoner who is currently confined at Atascadero State Hospital, is proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Before the court are several discovery requests and motions filed by plaintiff.

        On May 19, 2008 and November 17, 2008, plaintiff filed with the court his requests for production of documents. As plaintiff was advised in the court's February 19, 2008 order, discovery requests should not be filed with the court unless and until they are at issue. Therefore, plaintiff's discovery documents will be placed in the file and disregarded.

        On July 14, 2008, plaintiff filed a motion to compel discovery seeking an order compelling defendants to produce documents from plaintiff's Department of Corrections and Rehabilitation (CDCR) central file, his medical records, "and any other written material in possession of defendants." (Mot. at 1.) Plaintiff provides no arguments in support of his motion

1

1  and states only that, "[t]he motion will be made on the grounds that defendants have failed to
2  responsibily [sic] handover [sic] such documents . . . ." (Id.)  On July 28, 2008, plaintiff filed
3  with the court a document styled, "Petition For Writ Of Mandate/Prohibition" in which he seeks:
4  (1) an order "restraining the Respondent [Attorney General] from vicariously withholding
5  exculaptory [sic] documents; (2) a "Peramptory [sic] Writ of Mandate . . . ordering the
6  Respondent to comply with the Plaintiff's numerous requests for production of the 'Inmate
7  Central File' in it's [sic] entirity [sic];" ( 3) "an alternative Writ of Mandate . . . directing the
8  respondent to show Good Cause before the Honorable Court as to why Plaintiff should . . . [n]ot
9  be entitled to said records;" and (4) sanctions and other relief deemed just.  (Petition at 2-3.)

10          Defendants have provided the court with a copy of their responses to plaintiff's
11  requests for the following documents:  (1) "all documents that consist of his CDC central files[;]"
12  (2) "all documents that consist of all his records in C.D.C. and Department of Mental Heal
13  psychiatric file[;]" and (3) "all documents that consist of all his records in Atascadero State
14  Hospital psychiatric file."  (Opp'n, Attach. 1 at 1-2.)  In their response to those discovery
15  requests and in their opposition to plaintiff's motion to compel, defendants assert that they only
16  have custody and control of medical records and central files that are produced within the CDCR
17  and do not have custody and control of the records of Atascadero State Hospital, which is an
18  institution of the Department of Mental Health.  (Opp'n at 2.)  Defendants represent that plaintiff
19  was provided the addresses from which he could obtain his CDCR medical records and central
20  file and was advised to contact his counselor at Atascadero State Hospital to make arrangements
21  with CDCR staff to allow his review of the CDCR documents.  (Id.)

22          The court is unable to determine from plaintiff's motion in what way plaintiff
23  contends the responses were inadequate.  Plaintiff has not indicated whether he sought to obtain
24  his records as suggested by defendants.  Second, to the extent that plaintiff sought "all documents
25  that consist of all his records in C.D.C.", his discovery request is overly broad.  (Opp'n, Attach. 1
26  at 2.)  Finally, plaintiff has not satisfied his burden of demonstrating that further responses to his

discovery requests should be compelled.  Defendants' responses to plaintiff's discovery requests are adequate and reasonable and plaintiff's motion to compel will therefore be denied.

Plaintiff has filed a motion for the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  However, in the present case, the court does not find the required exceptional circumstances.  Therefore, the motion will be denied.

On February 5, 2009, plaintiff filed a motion for summary judgment.  Defendants have filed a motion to strike that motion.  The court's May 5, 2008 scheduling order set October 17, 2008, as the deadline for the filing of all pretrial motions.  Plaintiff's motion is untimely by more than three months.  Therefore, the court will grant defendants' motion to strike.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's discovery requests (Doc. Nos. 48 and 55), filed on May 19, 2008 and November 17, 2008, shall be placed in the file and disregarded;

2. Plaintiff's July 14, 2008 motion to compel discovery (Doc. No. 49), is denied;

3. Plaintiff's July 28, 2008 petition for wit of mandate/prohibition (Doc. No. 51), is denied;

4. Plaintiff's November 17, 2008 motion for appointment of counsel (Doc. No. 54), is denied;

5. Defendants' February 17, 2009 motion to strike plaintiff's motion for summary judgment (Doc. No. 60), is granted; and

/////

/////

6.  Plaintiff's February 5, 2009 motion for summary judgment (Doc. No. 59), is stricken as untimely.

DATED: March 9, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
scug0633.disc

4