IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARTAY SCRUGGS,

      Plaintiff,                    No. 2:06-cv-0633 FCD KJN P

    vs.

S. VANCE, et al.,

      Defendants.             ORDER

_____/

        Plaintiff is committed to a mental institution and is proceeding without counsel with a civil rights action pursuant to 42 U.S.C. § 1983. This case is set for trial on December 7, 2010, before the district court. On March 11, 2010, and March 29, 2010, plaintiff filed motions to correspond with incarcerated witnesses. Plaintiff seeks an order allowing him to correspond with inmates Lorenzo Robinson, Kirell Taylor, and Jalon Carwell.

        On October 8, 2009, the court issued a further scheduling order detailing the procedures necessary for obtaining the attendance of incarcerated witnesses, either those who agree to testify voluntarily, or those who refuse to testify voluntarily. (Id. at 3-4.) One of the key facts plaintiff must demonstrate is whether the proposed witness has actual knowledge of relevant facts. (Id., *passim*.)

////

1

In his March 29 filing, plaintiff provided a copy of his proposed letter to inmate Robinson. (Id. at 5.) Plaintiff asks Robinson to provide an affidavit concerning: (1) what he told defendants Vance, Nelson and Claborne, (2) for what reason he went to the protective housing unit, (3) to describe symptoms of his serious mental illness, and (4) whether these defendants were aware of that illness. (Id.) Inmate Robinson is the inmate who stabbed plaintiff, and his actions were the genesis of the instant complaint. (See August 28, 2009 Findings and Recommendations at 2.) Inmate Robinson has actual knowledge of relevant facts.

Although plaintiff has failed to provide any information as to the knowledge of instant events held by inmates Taylor and Carwell, review of the findings and recommendations reveal plaintiff spoke to inmate Carwell about being plaintiff's new cellmate, instead of Robinson, and plaintiff alleges both plaintiff and Carwell spoke to defendant Claborne about their agreement. (Id.) Thus, inmate Carwell potentially has actual knowledge of relevant facts.

There is no similar reference to inmate Taylor. Plaintiff has provided no information as to Taylor's role, if any, in events leading up to this complaint, so the court cannot determine that inmate Taylor has actual knowledge of relevant facts. Plaintiff's motions to correspond with inmate Taylor will be denied.

While both inmates Robinson and Carwell may have actual knowledge of relevant facts, plaintiff has not yet determined whether they will testify voluntarily or involuntarily. However, correspondence between plaintiff and these inmates will not provide the verified information plaintiff requires to comply with the court's further scheduling order. Moreover, discovery closed on August 22, 2008. Thus, plaintiff's motions to correspond with inmate witnesses Robinson and Carwell will be denied. Nevertheless, inasmuch as plaintiff's pretrial statement is due July 30, 2010, the court will construe plaintiff's motions as a request to seek the testimony of inmates Robinson and Carwell, two incarcerated inmates who may have actual knowledge of facts relevant in the instant action. Because plaintiff is unable to determine whether these witnesses will testify voluntarily or involuntarily, the court will direct these

incarcerated witnesses to inform the court as to whether they have eye- or ear-witness testimony to offer during the jury trial, and whether they will testify voluntarily or refuse to testify voluntarily.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's March 11, 2010 and March 29, 2010 motions to correspond with inmate Taylor are denied. (Dkt. Nos. 87 & 88.)

2. Plaintiff's March 11, 2010 and March 29, 2010 motions to correspond with inmates Robinson and Carwell are denied. (Dkt. Nos. 87 & 88.) However, the court construes these motions as a request to seek the testimony of inmates Robinson and Carwell, two incarcerated inmates, and will direct their responses as set forth below.

3. The Clerk of the Court is directed to send a copy of this order to each of the following inmates:

A. Lorenzo Robinson, H-05888, Location–CA State Prison, LA County (LAC) 44750 60th Street West, Lancaster, CA 93536-7620.

B. Jalon Carwell, V-07412, Location–Ironwood State Prison (ISP) 19005 Wileys Well Road, P.O. Box 2229, Blythe, CA 92226.

4. The Clerk of the Court shall provide inmates Robinson and Carwell with a postage-paid envelope addressed to the court.

5. Within thirty days from the date of this order, inmate Robinson and inmate Carwell are directed to complete and return, in the postage-paid, self-addressed envelope provided, the attached notice re potential witness.

DATED: June 1, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

scrug0633.aff

3

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARTAY SCRUGGS,

      Plaintiff,                   No. 2:06-cv-0633 FCD KJN P

   vs.

S. VANCE, J.D. NELSON, and
O. CLABORNE,                NOTICE RE POTENTIAL WITNESS

      Defendants.

_____/

      Plaintiff was stabbed on May 19, 2004, at California State Prison-Sacramento (CSP-Sacramento). Potential witness _____ responds to this court's June, 2010 order as follows (please check all that apply):

      \_\_\_\_\_     I have eye- or ear-witness testimony to offer during the jury trial concerning the events among plaintiff, inmate Lorenzo Robinson, and defendants, on or about May 19, 2004, at CSP-Sacramento.

      \_\_\_\_\_     I am willing to testify voluntarily on behalf of plaintiff Scruggs.

      \_\_\_\_\_     I do not remember any events on or about May 19, 2004, and have no pertinent testimony to offer.

      \_\_\_\_\_     I refuse to testify voluntarily.

      I declare under penalty of perjury that the above and foregoing is true and correct.

DATED:

                                                         _____
                                                         Witness (sign, print name & address)