IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARTAY SCRUGGS,

    Plaintiff,                    No. 2:06-cv-0633 FCD KJN P

    vs.

S. VANCE, et al.,                ORDER, REVISED SCHEDULING ORDER &

    Defendants.           FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a prisoner proceeding without counsel with a civil rights action pursuant to 42 U.S.C. § 1983.  On July 19, 2010, plaintiff filed nine pretrial motions, which the court will address seriatim.

        First, plaintiff seeks a subpoena duces tecum to be issued to the Department of Mental Health ("DMH") at Atascadero State Hospital ("ASH") to obtain medical records related to injuries sustained on May 19, 2004, his diagnosis of Post Traumatic Stress Disorder ("PTSD"), and any records by Psychiatric Technician Chase Brewster, for plaintiff's use at trial to refresh witness Brewster's recollection.  Such records would be produced at trial.  Good cause appearing, plaintiff's motion (dkt. no. 94) will be granted.  Plaintiff is cautioned to specifically limit the subpoena duces tecum as set forth in plaintiff's affidavit in support of this motion.  (Dkt. No. 94 at 3.)  The Clerk of Court will be directed to send plaintiff the subpoena form.

1 Plaintiff will be provided a time limit in which to complete and return the completed subpoena
2 duces tecum form to the court.  At that time, the court will forward the subpoena duces tecum to
3 the U.S. Marshal for service on DMH-ASH.

4       Second, plaintiff filed a motion to subpoena certain discovery responses by
5 defendants, declarations/affidavits in support of defendants' motion for summary judgment, and
6 plaintiff's deposition transcript.  (Dkt. No. 95.)  Plaintiff is advised that he was provided with the
7 discovery responses during discovery, and was served with the declarations/affidavits in
8 connection with the filing of the motion for summary judgment.  Plaintiff should bring his copies
9 of these documents to the trial; it is not appropriate to subpoena them.  With regard to plaintiff's
10 deposition transcript, defendants have stated their intent to produce the deposition transcript at
11 trial, and defendants will also be ordered to do so.  Therefore, plaintiff's motion to subpoena
12 these documents will be denied.

13       Third, plaintiff seeks to subpoena an affidavit of Kirell Taylor as to his testimony
14 concerning changes to plaintiff after the May 19, 2004 attack, as well as Taylor's personal
15 experience with defendant Vance.  (Dkt. No. 96.)  Plaintiff states Taylor is not willing to
16 voluntarily produce the affidavit.  First, the court cannot subpoena an affidavit that does not
17 exist.  Second, the court will, by separate order, direct Kirell Taylor to complete a notice re
18 potential witness to determine whether he has pertinent testimony to offer.  Plaintiff's motion to
19 subpoena Taylor's affidavit will be denied.

20       Fourth, plaintiff also filed a motion to subpoena the affidavit of Lorenzo Robinson
21 for admission at trial.  (Dkt. No. 97.)  However, plaintiff directs the court's attention to plaintiff's
22 affidavit, not Robinson's.  (Id. at 2.)  Moreover, by order filed June 2, 2010, the undersigned
23 directed Lorenzo Robinson to complete a notice regarding potential witness.  (Dkt. No. 90.)  On
24 June 14, 2010, Lorenzo Robinson submitted the notice, stating he did not remember any events
25 from on or about May 19, 2004, and had no pertinent testimony to offer.  (Dkt. No. 92.)  In light
26 of Robinson's declaration, plaintiff's motion to subpoena Robinson's affidavit will be denied.

Fifth, plaintiff has filed motions for subpoenas for the appearance of witnesses Ernest Jarman and Chase Brewster. (Dkt. Nos. 98-99.) Good cause appearing, plaintiff's motions will be granted. As noted in the court's scheduling order, plaintiff will be required to complete subpoena forms for these witnesses and to submit the subpoenas to the court, <u>not earlier than four weeks and not later than two weeks before trial</u>, along with the <u>daily witness fee of $40.00 plus the witness' travel expenses</u> per witness. These sums should be in the form of a money order made payable to the witness for the full amount of the witness' travel expenses plus the daily witness fee of $40.00. Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is <u>required even if the party was granted leave to proceed in forma pauperis</u>. Plaintiff is cautioned that failure to provide these funds will result in the witnesses not being subpoenaed to testify at trial. Once the completed subpoena forms and the money orders are received, the court will forward them to the U.S. Marshal for service.

Sixth, plaintiff filed a motion to obtain a subpoena for the appearance of inmate Stewart Manago at trial. However, plaintiff has provided a declaration by Manago indicating his willingness to voluntarily testify. Therefore, no subpoena is required. At the appropriate time before trial, the court will issue a writ of habeas ad testificandum for Manago's attendance at trial. Therefore, plaintiff's motion (dkt. no. 100) will be denied.

Seventh, plaintiff filed a motion for subpoena duces tecum requiring the Director of Legal Affairs of the California Department of Corrections and Rehabilitation ("CDCR") to produce plaintiff's prison central file and medical file at trial. (Dkt. No. 101.) Plaintiff's motion is overbroad. Inmate locator at CDCR indicates that plaintiff has been incarcerated since July 13, 1999.[1] Both plaintiff's central file and file containing prison medical records would contain numerous documents unrelated to the May 19, 2004 incident at issue here. While the court is

---

[1] California Department of Corrections and Rehabilitation, "Inmate Locator," http://inmatelocator.cdcr.ca.gov/search.aspx (last visited October 22, 2010).

3

aware that plaintiff is presently incarcerated at the San Luis Obispo Jail and may not have access to his prison central file or medical records at the present time, plaintiff has engaged in discovery and has also specifically referred to certain documents in the affidavit accompanying his motion to subpoena these entire files. (Dkt. No. 101 at 2.) Denial of this motion will be without prejudice to its renewal, provided the renewed motion is more narrowly tailored to the incident at hand.

Eighth, plaintiff seeks to subpoena production of "computer generated full-page color photograph reproductions" of the crime scene, evidence and plaintiff's injuries. (Dkt. No. 102.) Plaintiff was provided 2" by 2.5" photocopies of certain photographs taken after the May 19, 2004 incident at issue here. (Dkt. No. 102 at 7-10.) Plaintiff is entitled to present these photographs to the jury in a format the jury can clearly see. However, defendants are not required to reproduce the photographs to plaintiff's specifications at defendants' expense. It is not clear whether defendants have actually had the photographs printed in color, or in larger sizes, or whether only defendants retained the photographs in digital form.[2] Good cause appearing, plaintiff's motion will be partially granted. Defendants will be directed to produce the photographs, in the format presently held, at the jury trial. If the photographs are only maintained in digital form, defendants shall ensure that they bring the digital photographs to trial and have the means necessary to display the photographs to the jury in a meaningful way.

On September 7, 2010, plaintiff filed a document entitled "letter to the court for court order to transfer plaintiff to court." (Dkt. No. 108.) Plaintiff seeks a court order providing for his attendance at trial. Plaintiff is advised that the court will issue a writ of habeas corpus ad testificandum prior to trial. No motion need be filed by plaintiff. Because the court will issue this writ sua sponte, plaintiff's motion will be denied.

---

[2] The Crime/Incident Report state that 31 photographs were taken and under "Evidence Disposition," it states: "(31) photographs processed and secured by the ISU computer." (Dkt. No. 102 at 3.)

4

In light of the above, the jury trial must be continued. The December 7, 2010 jury trial is continued to Tuesday, April 12, 2011 at 9:00 a.m. in Courtroom #2 before the Honorable Frank C. Damrell. Once all pending issues are resolved, the court will issue a pretrial order.

Finally, in defendants' pretrial statement, defendants note that plaintiff included a failure to protect claim under the Fourteenth Amendment, but argue this claim is not cognizable because plaintiff was a prisoner, not a pretrial detainee, at the time of the incident. (Dkt. No. 109 at 4-5.)

Plaintiff's alleged failure to protect claims under the Fourteenth Amendment should be dismissed. The court will consider plaintiff's allegations, which allege failure to protect by defendants, under the Eighth Amendment. The Fourteenth Amendment's Due Process Clause protects a pretrial detainee from punishment prior to an adjudication of guilt in accordance with due process of law. Bell v. Wolfish, 441 U.S. 520, 534-35 (1979). In the instant case, plaintiff was a prisoner, not a pretrial detainee, on May 19, 2004. Because plaintiff was not a pretrial detainee at the time of the incident herein, his claims are analyzed under the Eighth Amendment, not the Fourteenth Amendment. Therefore, this court will recommend dismissal of his claims under the Fourteenth Amendment.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's July 19, 2010 motion for subpoena duces tecum to DMH-ASH (dkt. no. 94) is granted. Within twenty-one days from the date of this order, plaintiff shall complete and return the subpoena duces tecum for DMH-ASH to the court.

2. Plaintiff's motion to subpoena certain discovery and other documents (dkt. no. 95) is denied. Defendants are directed to produce plaintiff's deposition transcript at trial.

3. Plaintiff's motion to subpoena Taylor's affidavit (dkt. no. 96) is denied.

4. Plaintiff's motion to subpoena Lorenzo Robinson's affidavit (dkt. no. 97) is denied.

5. Plaintiff's motions for subpoenas for the appearance of witnesses Ernest

1  Jarman and Chase Brewster are granted.  (Dkt. Nos. 98-99.)  Plaintiff shall complete one
2  subpoena form for each witness and return it to the court <u>not earlier than four weeks and not later
3  than two weeks before trial</u>, along with a money order made payable to each witness for the
4  <u>witness fee of $40.00 plus the witness' travel expenses</u>.

5         6.  Plaintiff's motion to subpoena Stewart Manago (dkt. no. 100) is denied.

6         7.  Plaintiff's motion to subpoena his prison central file and medical records (dkt.
7  no. 101) is denied without prejudice.

8         8.  Plaintiff's motion regarding photographs (dkt. no. 102) is partially granted.
9  Defendants shall produce the photographs of the crime scene, evidence and plaintiff's injuries,
10  taken after the May 19, 2004 incident, in the format presently held, at the jury trial.  If the
11  photographs are only maintained in digital form, defendants shall ensure that they bring the
12  digital photographs to trial and have the means necessary to display the photographs to the jury in
13  a meaningful way.

14         9.  Plaintiff's September 7, 2010 motion (dkt. no. 108) is denied.

15         10.  The Clerk of the Court is directed to send plaintiff three subpoena forms.

16         11.  The December 7, 2010 jury trial is continued to Tuesday, April 12, 2011 at
17  9:00 a.m. in Courtroom #2 before the Honorable Frank C. Damrell.

18         IT IS HEREBY RECOMMENDED that plaintiff's claims under the Fourteenth
19  Amendment be dismissed.

20         These findings and recommendations are submitted to the United States District
21  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
22  one days after being served with these findings and recommendations, any party may file written
23  objections with the court and serve a copy on all parties.  Such a document should be captioned
24  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
25  objections shall be filed and served within fourteen days after service of the objections.  The
26  parties are advised that failure to file objections within the specified time may waive the right to

1 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

2 DATED:  October 27, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

scru0633.ptm