IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARTAY SCRUGGS,

    Plaintiff,                            No. 2:06-cv-0633 KJM KJN P

    vs.

S. VANCE, et al.,                         ORDER AND REVISED

    Defendants.                      SCHEDULING ORDER

_____/

        Plaintiff, currently housed at Atascadero State Hospital, is proceeding through counsel with a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants Claborne, Nelson and Vance violated plaintiff's Eighth Amendment rights by failing to protect plaintiff from an inmate who was known to have a mental illness.[1] Pending before this court is plaintiff's motion to modify the court's scheduling order, which was taken under submission on the papers by order filed July 27, 2011. As explained below, this court grants plaintiff's motion in part.

        On May 2, 2011, counsel was appointed to represent plaintiff. On July 8, 2011, plaintiff's counsel filed a motion to modify the court's scheduling order. Plaintiff seeks an order

_____

[1] Plaintiff's Fourteenth Amendment claims were dismissed by order filed December 10, 2010. (Dkt. No. 113.)

1

reopening discovery based on plaintiff's ineffective efforts at discovery while proceeding without counsel, as well as the fact that plaintiff's "entire case file was taken from [plaintiff] in a hospital transfer." (Dkt. No. 128 at 3.)  Plaintiff emphasizes the need to take defendants' depositions. Defendants oppose defendants' motion on the grounds that the request is untimely, and that retention of counsel does not constitute good cause to reopen discovery under Rule 16, and argue that defendants would be prejudiced by allowing plaintiff to have "another bite at the apple." (Dkt. No. 130 at 4.)  No reply was filed.

"The district court is given broad discretion in supervising the pretrial phase of litigation." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted).  Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 607).

Defendants rely on Porter v. California Dept. of Corrections, 2006 WL 467980 (E.D. Cal. 2006).  However, Porter, a sexual harassment and retaliation action, is distinguishable on its facts. Id.  The plaintiff in Porter was represented by counsel from the first instance.  The reopening of discovery in Porter would have allowed counsel a second bite at the apple, because Porter conceded her original attorney had conducted discovery based on his evaluation of the case, but new counsel, with guidance from the Ninth Circuit, had identified additional percipient witnesses." Id. at *1.  Such is not the case here.

In the instant action, the record amply supports a finding that plaintiff diligently prosecuted this action, and also diligently pursued discovery.  Plaintiff's counsel recounts plaintiff's efforts in the motion at issue. (Dkt. No. 128 at 4.)  Defendants' argument that plaintiff could have taken defendants' depositions prior to the discovery deadline is unrealistic in light of plaintiff's incarceration and lack of funds to hire a court reporter. (Dkt. No. 2.)

The court is also concerned that plaintiff has been deprived of his case files for this action. Defendants contend that plaintiff's claim of prejudice from having lost his case file is undercut by plaintiff's ability to file trial exhibits with plaintiff's 86 page pretrial statement on July 19, 2010. (Dkt. No. 130 at 5, referring to Dkt. No. 93.) Plaintiff did fail to identify the approximate date plaintiff allegedly lost his case file, stating:

> At one point during my stay at the Atascadero State Hospital, I was transferred from the hospital to another facility operated by the San Luis Obispo County Sheriff, and then I was returned to the Atascadero State Hospital. My belongings, including all of the files related to this case, were not transferred with me, and upon my return, they were gone.

(Dkt. No. 128-1 at 2.) These exhibits, as well as the briefing on the motion for summary judgment, are available to plaintiff's counsel via CM/ECF. However, discovery documents are not filed with the court, and the fact that plaintiff cannot provide his new counsel with plaintiff's legal case files seriously impedes counsel's ability to get up to speed and prepare this case for the upcoming trial.

Finally, defendants argue that plaintiff's claims of mental impairment and fundamental unfairness are belied by the fact that plaintiff obtained twelve sets of discovery responses from defendants, learned defendants' factual and legal contentions from their motion for summary judgment, and filed an 86 page pretrial statement which included plaintiff's trial exhibits. However, at present, counsel for defendants does not have benefit of defendants' discovery responses, or plaintiff's notes or other legal materials. As of July 8, 2011, counsel had not received copies of the discovery requests from defendants' counsel. (Dkt. No. 128-2.)

This case has been pending since March 27, 2006, and discovery initially closed on August 22, 2008. (Dkt. No. 47.) Defendants' motion for summary judgment was denied on September 30, 2009. (Dkt. No. 76.) Plaintiff's counsel relies on Jett v. Penner, 2:02-cv-2036 GEB JFM P, in which the court found good cause existed to reopen discovery for about five months. (Dkt. No. 128-3.) In Jett, however, counsel was attempting to prove deliberate

3

indifference to Jett's serious medical needs, and counsel set forth detailed information as to what additional written discovery and depositions were sought. (Dkt. No. 128-4.) Moreover, the additional five months did not delay the previously set pretrial conference or trial dates. (Dkt. No. 128-3.) In the instant action, plaintiff is pursuing a failure to protect claim under the Eighth Amendment, and plaintiff's counsel focused on the need to depose the three defendants, and did not identify any other discovery that may be required.

While this court finds good cause exists to reopen discovery, it does not mean discovery begins anew. In light of plaintiff's pro se written discovery requests to defendants, and the evidence submitted to date, discovery is reopened for a brief period of time, for the sole purpose of deposing defendants Claborne, Nelson and Vance. Counsel for defendants is directed to provide plaintiff's counsel with copies of defendants' discovery responses within fourteen days from the date of this order. Counsel for plaintiff shall notice defendants' depositions as soon as practicable following review of the instant record and the discovery responses provided by defendants' counsel. This court is not inclined to grant any further extensions for either party.

Good cause appearing, defendants' motion to modify the scheduling order is partially granted. The pretrial order is vacated, and appropriate dates are set forth below.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's July 8, 2011 motion to modify the scheduling order (dkt. no. 128) is partially granted.

2. Within fourteen days from the date of this order, defendants' counsel shall provide plaintiff's counsel with copies of defendants' discovery responses to plaintiff's pro se discovery requests.

3. Discovery is reopened for the limited purpose of taking the depositions of defendants Claborne, Nelson and Vance. Such depositions shall be completed on or before November 1, 2011.

4. The June 27, 2011 pretrial order (dkt. no. 126) is vacated.

4

1          5.  Counsel shall file a joint pretrial statement on or before November 30, 2011.

2          6.  A trial confirmation hearing is set for December 7, 2011, at 11:00 a.m., in

3  Courtroom 3, before the Honorable Kimberly J. Mueller.

4          7.  The jury trial date, set for September 26, 2011, at 9:00 a.m., before the

5  Honorable Kimberly J. Mueller, is continued to January 30, 2012, at 9:00 a.m., in Courtroom 3.

6  DATED:  August 5, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

scru0633.16b

5