IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARTAY SCRUGGS,

        Plaintiff,                  No. 2:06-cv-0633 KJM KJN P

   vs.

S. VANCE, et al.,

        Defendants.        ORDER

                          /

        On August 12, 2011, plaintiff filed an ex parte application and motion for authority to conduct certain limited additional discovery. (Dkt. No. 136.) The application was served on counsel for defendants, who filed an opposition on August 17, 2001. Plaintiff filed a reply on August 18, 2011. Plaintiff seeks to obtain from each defendant "all documents and communications that [defendant] intend[s] to introduce into evidence at the trial of this matter." (Dkt. No. 137-1 at 8.) Plaintiff also seeks to subpoena relevant documents from the California Department of Corrections and Rehabilitation ("CDCR"). (Dkt. No. 137-2.) Plaintiff sought ex parte authority in an effort to obtain the documents prior to the depositions of defendants authorized by this court's August 5, 2011 order, so that deponents can be questioned about the documents. That order also requires the depositions to be completed on or before November 1, 2011.

1    This court construes plaintiff's ex parte application as a request for reconsideration of the August 5, 2011 order.  A court may reconsider its own prior order provided that it has not been divested of jurisdiction over it.  United States v. Smith, 389 F.3d 944, 949 (9th Cir. 2004).  Plaintiff's application was timely filed.

Plaintiff correctly notes that this court found that plaintiff diligently prosecuted this action, and also diligently pursued discovery.  (Dkt. No. 134 at 4.)  Although the court is intent on keeping this 2006 case on track for trial, plaintiff's counsel is entitled to obtain documentary evidence relevant to plaintiff's claims.  Because the pro se plaintiff was unable to provide plaintiff's file to counsel, counsel is at a disadvantage in terms of shepherding discovery provided to date.  Moreover, defendants' counsel is reminded that plaintiff's counsel is entitled to all documents defendants have to support their case.  Fed. R. Civ. P. 26(a)(1)(A)(i) & (ii).  The parties are under a continuing obligation to supplement discovery disclosures.  Fed. R. Civ. P. 26(a)(1)(E).  Both counsel are instructed to cooperate in the exchange of discovery so this stale case may be resolved expeditiously.  Finally, defendants identified the documents intended to be offered as exhibits at trial in their pretrial statement, which are clearly set forth in the court's June 27, 2011 order.  (Dkt. No. 126 at 8.)  Therefore, plaintiff's application to request the production of documents set forth in plaintiff's exhibit A is granted.  (Dkt. No. 137-1.)  Within 14 days of the date of this order, defendants shall produce to plaintiff's counsel copies of all documents intended to be offered by defendants as exhibits at trial identified in their pretrial statement.

In connection with plaintiff's request to subpoena documents from the CDCR, plaintiff's requests 1 - 6 are overbroad as to time.  (Dkt. No. 137-2.)  Inmate Robinson has been incarcerated since September 17, 1991, and plaintiff has been incarcerated since July 13, 1999.[1]  Plaintiff seeks any and all documents prior to May 20, 2004.  (Dkt. No. 137-1 at 4-5.)  Given the

---

[1]  This information was obtained from the CDCR Inmate Locator website, http://inmatelocator.cdcr.ca.gov/default.aspx (accessed August 19, 2011).

lengthy incarceration of these inmates, such a request is overbroad and burdensome. Moreover, the record provides at least one relevant time frame for inmate Robinson. In the motion for summary judgment, plaintiff "represents that Robinson had only recently been released from a "PHU" program after attacking his previous cellmate." (Dkt. No. 67 at 9.) Therefore, records from inmate Robinson's housing in the CSP-Sac PHU shortly before May 20, 2004, including those records prompting inmate Robinson's placement in the PHU, are particularly relevant to plaintiff's claims herein.

Plaintiff was transferred to California State Prison - Sacramento ("CSP-Sac") in September of 2003. (Dkt. No. 1 at 3.) The record does not reflect the date inmate Robinson was housed at CSP-Sac. Therefore, plaintiff shall limit the subpoenaed documents sought for plaintiff from September 1, 2003, to May 20, 2004. Plaintiff shall limit the subpoenaed documents sought for inmate Robinson to the date inmate Robinson was housed at CSP-Sac, or September 1, 2003, whichever date is earliest, to May 4, 2004, but in no event shall the period of documents sought exceed three years.

To the extent defendants are concerned as to inmate Robinson's right to privacy, or other involved parties' right to privacy, the production of documents pertinent to inmate Robinson is subject to a protective order. Any documents produced as to inmate Robinson shall be used solely for the purpose of this litigation, and the documents shall be reviewed solely by counsel for plaintiff.

In requests 7 and 8, plaintiff seeks the following:

> 7. All documents in Your possession, custody or control (including but not limited to CDC 634 incident packages, reports, notes, memoranda, or interview summaries or transcripts) relating to disciplinary actions against or investigations concerning any of Defendants as the result of violence or threats of violence by inmates in Your facilities.
>
> 8. All documents in Your possession, custody or control (including but not limited to CDC 634 incident packages, reports, notes, memoranda, or interview summaries or transcripts) relating to complaints by inmates in any of Your facilities or Your

employees or staff against any of Defendants relating to violence or threats of violence by inmates in Your facilities.

(Dkt. No. 137-2 at 5-6.)

Plaintiff's proposed requests 7 and 8 are not limited as to time or facility, and the requested subject matter is overbroad. Plaintiff's application to seek documents in requests 7 and 8 is denied.[2]

Finally, in his application, plaintiff stated he seeks "policies and procedures detailing the appropriate responses to inmate-on-inmate violence and threats of same." (Dkt. No. 136 at 7.) However, neither Exhibit A nor Exhibit B included a request for these documents. (Dkt. No. 137-1, 2.) Good cause appearing, plaintiff may include in the subpoena duces tecum directed to the CDCR a request for a copy of any and all policies and procedures governing the response to inmate-on-inmate violence and threats of inmate-on-inmate violence that were in effect in May of 2004 at CSP-Sac.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's August 12, 2010 motion (dkt. no. 136), construed as a request to reconsider the August 5, 2011 order, is partially granted;

2. The August 5, 2011 order is amended to allow limited discovery to obtain documents as set forth above; and

////
////
////

---

[2] A query of the CM/ECF system reflected no actions against defendant O. Claiborne except the instant action. There were several actions where inmates named J.D. Nelson as a defendant, including at least one raising a failure to protect claim alleging the plaintiff allegedly notified CSP-Sac prison officials of a threat to the plaintiff's life. Taylor v. Knowles, 05-cv-1412 GEB KJM. There are multiple civil rights actions naming S. Vance as a defendant, including one complaint which raises allegations concerning safety issues in double celling in the EOP unit of CSP-Sac. Hammonds v. Martel, 06-cv-2397 CMK.

4

3. Any documents produced as to inmate Robinson are subject to a protective order; Robinson's documents shall be used solely for the purpose of this litigation, and shall be reviewed solely by counsel for plaintiff.

DATED: August 23, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

scru0633.dsc