1

2

3

4

5

6

7

8                       IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10    ARTAY SCRUGGS,

11              Plaintiff,                  No. 2:06-cv-0633 KJM KJN P

12         vs.

13    S. VANCE, et al.,                     ORDER AND REVISED

14              Defendants.                 SCHEDULING ORDER

15    _____/

16              Plaintiff, currently housed at Atascadero State Hospital, is proceeding through

17    counsel[1] with a civil rights complaint pursuant to 42 U.S.C. § 1983.  Pending before this court

18    are two motions:  (1) plaintiff's motion to compel the nonparty California Department of

19    Corrections and Rehabilitation ("CDCR") to comply with a subpoena duces tecum, and for

20    sanctions, noticed for hearing on December 1, 2011; and (2) nonparty CDCR's motion to

21    continue the hearing on plaintiff's motion to compel and for sanctions.

22    <u>Plaintiff's Motion to Compel</u>

23              In the November 11, 2011 motion to compel, counsel describes difficulties

24    plaintiff has allegedly encountered in obtaining responsive and legible documents sought by an

25    _____

26         [1] Counsel was appointed to represent plaintiff on May 2, 2011.

1

August 25, 2011 subpoena duces tecum.  Specifically, plaintiff alleges the CDCR, during the last

two months, has:

> (1) objected to the Subpoena well after the compliance deadline;
> (2) asserted that it has no obligation to search its "sub-institutions,"
> a position which it subsequently retracted; (3) asserted that it does
> not have certain responsive documents, which turned out to be
> untrue; (4) sent the files containing responsive documents to the
> Defendants instead of implementing a search in response to the
> Subpoena; and (5) admitted that it did not know what documents it
> had previously produced; and (6) finally admitted as recently as
> November 3, 2011, that it failed to conduct a search for all relevant
> documents and intentionally excluded categories of relevant
> documents from its production.

(Dkt. No. 144 at 2.)  Plaintiff seeks an award of $4,500.00 in monetary sanctions against

nonparty CDCR based on the CDCR's alleged "unreasonable failure to produce the documents

requested by the Court's August 23[2] Order."  (Dkt. No. 144 at 3.)  Plaintiff also seeks evidentiary

sanctions against defendants based on their alleged "collu[sion] with CDCR to coordinate its

woefully inadequate and delayed response to the Subpoena."  (Id.)  Plaintiff alleges the CDCR

sent the original documents to defendants, who:

> simultaneously feigned ignorance of CDCR's failure to comply
> with the Subpoena and, while in possession of documents being
> sought from CDCR and apparently preventing them from being
> produced to Plaintiff, Defendants attempted to use the CDCR's
> failure as an excuse to delay Defendants' depositions until CDCR
> actually produced all responsive documents.

(Dkt. No. 144 at 3-4.)  Finally, plaintiff's counsel provided initial notice of plaintiff's intent to

file a motion to compel on October 4, 2011, after which plaintiff's counsel attempted to resolve

the discovery dispute both verbally and in writing.  (Dkt. No. 144 at 4.)

CDCR's Motion for Continuance

In the November 21, 2011 motion, the CDCR seeks an extension of time in which

to file the joint statement required by Local Rule 251, and a continuance of the December 1,

---

[2] This order addressed plaintiff's request to conduct limited discovery.  (Dkt. No. 140.)

2011 hearing on the motion to compel to December 8, 2011.  Nonparty CDCR provided a

declaration of counsel, who avers the following:

> 1.  CDCR counsel was retained on October 6, 2011.  (Dkt. No. 146 at 6.)

> 2.  Since October 6, 2011, CDCR counsel states he has been working diligently with plaintiff's counsel in an attempt to rectify any issues with those documents.  (Id.)  Counsel states that as of November 17, 2011, plaintiff's counsel was "in possession of all documents responsive to the subpoena duces tecum,[3] a majority of those documents he had from the September 15, 2011 production by Case Records."  (Id.)

> 3.  On November 3, 2011, CDCR counsel learned for the first time that plaintiff may be filing a motion to compel.  CDCR counsel indicated to plaintiff's counsel that they had been working together to resolve issues and that a motion to compel was unnecessary and a waste of money and time.  Plaintiff's counsel gave notice of the motion to compel after business hours on November 10, 2011, the evening before the Veteran's Day holiday.  (Dkt. No. 146 at 6.)

> 4.  On November 11, 2011, CDCR counsel emailed plaintiff's counsel and requested that if the motion to compel was not taken off calendar, that the hearing on the motion to compel be continued for a week or two so that a proper joint stipulation could be completed.  (Dkt. No. 146 at 7, 10.)

> 5.  CDCR counsel notified plaintiff's counsel on November 15 that CDCR counsel "would be overnighting documents to his office resolving any outstanding issues" and requested that the motion to compel be taken off the court's calendar.  (Dkt. No. 146 at 7.)

> 6.  CDCR counsel received plaintiff's Local Rule 251 joint statement after business hours on November 15, 2011.  (Dkt. No. 146 at 6.)

> 7.  On November 21, 2011, after no response to the November 11 email, CDCR counsel emailed plaintiff's counsel and again requested that he stipulate to a continuance of the hearing.  (Dkt. No. 146 at 7, 12.)

> 8.  CDCR gave plaintiff's counsel and defense counsel notice of the ex parte request for continuance on November 18 and 21, 2011.  (Dkt. No. 146 at 8.)

---

[3]  It appears the CDCR also contends that the August 25, 2011 subpoena duces tecum was "served improperly pursuant to FRCP 45." (Dkt. No. 146 at 4.)  No further details in connection with this claim were provided.  However, no motion to quash or motion for protective order has been filed in the instant action by the CDCR.

1    CDCR counsel maintains the motion to compel "is moot (all documents have been produced)."

2    (Dkt. No. 146 at 4.)  In support of the request for continuance, CDCR counsel states that

3    declarations need to be obtained from CDCR employees to address plaintiff's claims that several

4    CDCR employees failed to comply with the subpoena duces tecum, and finally,

5            [p]laintiff's portion of his joint statement and declaration are
             extremely lengthy and contain substantial allegations that the
6            CDCR will need to respond to.  In addition, Plaintiff has served
             voluminous exhibits in support of his joint statement and
7            declaration.  In order to respond with the defense CDCR's position,
             a short continuance to file CDCR's response is respectfully
8            requested.

9    (Dkt. No. 146 at 7.)

10           On November 22, 2011, plaintiff filed an opposition to the motion for

11   continuance, claiming that no good cause exists for the continuance, and arguing that the CDCR

12   seeks only to further delay compliance with the August 2011 subpoena duces tecum, and to

13   "hinder plaintiff's ability to prepare for trial, which is now only two months away."  (Dkt. No.

14   147 at 2.)  Plaintiff avers that the joint statement was due on November 23, 2011, prior to the

15   Thanksgiving holiday, so CDCR's request based on the short Thanksgiving week is unavailing.

16           Plaintiff disputes CDCR counsel's declaration that all documents have been

17   produced, citing CDCR counsel's November 16, 2011 email in which CDCR counsel states:

18   "we are in possession of 'confidentials' that will not be released to you or even defense counsel

19   without a Court order as noted in my e-mail correspondence to you dated 11/15/11."  (Dkt. No.

20   147-1 at 20.)

21   Analysis

22           It appears that certain documents were overnighted to plaintiff's counsel after

23   plaintiff's counsel forwarded the proposed joint statement to CDCR counsel.  Given the lengthy

24   nature of the 251 stipulation, as described by CDCR counsel, it appears that providing both

25   parties additional time will assist the court in ruling on the motion to compel, inasmuch as the

26   late-provided documents may well obviate the need for at least some portion of the motion to

1  compel to be addressed by the court.  Additional time will also assist the parties in clarifying the

2  alleged contradiction between CDCR counsel's declaration that all documents have been

3  provided, and CDCR counsel's statement in the November 15, 2011 email that certain

4  "confidentials" have been withheld.

5          Review of these recent filings make clear that the delay in providing discovery to

6  plaintiff necessitates continuing upcoming deadlines to avoid prejudice to plaintiff, which will,

7  unfortunately, further delay the trial in this matter.  However, plaintiff's counsel must have

8  sufficient time to review discovery prior to preparing the joint pretrial statement which is

9  presently due on November 30, 2011.

10          Accordingly, the court will grant nonparty CDCR's motion for continuance.[4]

11  However, CDCR counsel is admonished that the continuation of deadlines by this order shall in

12  no way be construed as an extension of time in which to comply with the subpoena duces tecum,

13  particularly in light of this court's August 24, 2011 order allowing plaintiff to obtain this

14  discovery.  The hearing on plaintiff's motion to compel and for sanctions is continued from

15  December 1, 2011, to December 8, 2011.  The parties' joint stipulation, as required under Local

16  Rule 251, shall be filed at least seven days prior to the hearing.  Counsel for all interested parties

17  shall meet and confer in good faith, and attempt to resolve the differences that are subject to this

18  motion.  Counsel for plaintiff shall take into account the discovery responses provided after the

19  initial proposed stipulation was sent on November 15, 2011, and shall revise the Local Rule 251

20  stipulation accordingly.

21          Good cause appearing, the November 30, 2011 deadline for filing a joint pretrial

22  statement is continued to February 1, 2012.  The December 7, 2011 trial confirmation hearing is

23  continued to March 21, 2012, and jury trial is continued from January 30, 2012, to May 21, 2012.

24

25  _____

26          [4] This order shall in no way be construed as indicative of the court's ruling on plaintiff's
    motion to compel.

1    Accordingly, IT IS HEREBY ORDERED that:

2         1.  Nonparty CDCR's November 21, 2011 motion for continuance (dkt. no. 146)

3    is granted;

4         2.  The December 1, 2011 hearing on plaintiff's motion to compel (dkt. no. 144) is

5    continued to December 8, 2011, at 10:00 a.m. before the undersigned;

6         3.  The November 30, 2011 deadline for filing a joint pretrial statement is

7    continued to February 1, 2012;

8         4.  The trial confirmation hearing set for December 7, 2011, is continued to March

9    21, 2012, at 11:00 a.m., in Courtroom 3, before the Honorable Kimberly J. Mueller; and

10        5.  The jury trial date, set for January 30, 2012, is continued to May 21, 2012, at

11   9:00 a.m., in Courtroom 3, before the Honorable Kimberly J. Mueller.

12   DATED: November 22, 2011

13

14                          _____

15                          KENDALL J. NEWMAN
                            UNITED STATES MAGISTRATE JUDGE

16   scru0633.41r

17

18

19

20

21

22

23

24

25

26