IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARTAY SCRUGGS,

        Plaintiff,                No. 2:06-cv-0633 KJM KJN P

    vs.

S. VANCE, et al.,

        Defendants.        <u>ORDER</u>

        Plaintiff is a state prisoner, presently housed at Atascadero State Hospital, and proceeding through counsel. By order filed December 19, 2011, the California Department of Corrections and Rehabilitation ("CDCR") was ordered to show cause why a contempt citation should not be issued against the CDCR, and plaintiff's request for evidentiary sanctions against defendants was taken under submission. The CDCR filed a response on January 20, 2012, and counsel for defendants filed a declaration on December 22, 2011. The court addresses these issues seriatim.

I. <u>Order to Show Cause for a Contempt Citation</u>

        On December 19, 2011, the undersigned issued an order reciting the history of plaintiff's efforts to obtain discovery pursuant to a subpoena duces tecum served on nonparty CDCR on August 26, 2011. The court will not repeat that history here. Plaintiff asks the court to

sanction CDCR for its failure to adequately respond to the subpoena, correctly noting that this court has authority to hold the CDCR in contempt for failing, without adequate excuse, to obey the subpoena. Fed. R. Civ. P. 45(e).

> The only authority in the Federal Rules of Civil Procedure for the imposition of sanctions against a nonparty for failure to comply with a subpoena duces tecum is Rule 45[e][1]. [footnote omitted]
> Fisher v. Marubeni Cotton Corp., 526 F.2d 1338, 1341 (8th Cir. 1975).

Pennwalt Corp. v. Durand-Wayland, Inc., 708 F.2d 492, 494 (9th Cir. 1983).[2] Rule 37 of the Federal Rules of Civil Procedure is not applicable. Pennwalt Corp., 708 F.2d at 494. A subpoena shall "command each person to whom it is directed to attend and give testimony or to produce and permit inspection and copying of designated books, documents or tangible things in the possession, custody or control of that person." Fed. R. Civ. P. 45(a)(1)(iii). The issuing court may hold a person in contempt for failing to obey a subpoena. Fed. R. Civ. P. 45(e). "Even though subpoenas are issued by attorneys, they are issued on behalf of the Court and should be treated as orders of the Court." Higginbotham v. KCS Int'l, Inc., 202 F.R.D. 444, 455 (D. Md. 2001) (citing Advisory Committee Notes to Rule 45(a) 1991 amend. ["Although the subpoena is in a sense the command of the attorney who completes the form, defiance of a subpoena is nevertheless an act of defiance of a court order and exposes the defiant witness to contempt sanctions"] ); Halawani v. Wolfenbarger, 2008 WL 5188813, *7 (E.D. Mich. Dec. 10,

---

[1] The 1991 amendment to Federal Rule 45 redesignated the contempt provisions formerly embodied in Rule 45(f) as Rule 45(e). Rule 45(e) provides that the failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued.

[2] In Pennwalt Corp., the court implicitly accepted that attorney's fees could be assessed against a nonparty. Id., 708 F.2d at 494-95. The nonparty in Pennwalt Corp. timely objected to the subpoena, and the Ninth Circuit ruled that the district court could not, under the court's "inherent power," impose sanctions for abuse of the judicial process absent a showing the nonparty acted in bad faith. Id., 708 F.2d at 494, citing Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980) ("If a court may tax counsel fees against a party who has litigated in bad faith, it certainly may assess those expenses against counsel who willfully abuse judicial processes.")

2008) (same).)[3]

A civil contempt sanction is designed to force the contemnors to comply with an order of the court and therefore affect discovery. Cunningham v. Hamilton County, Ohio, 527 U.S. 198, 207 (1999). Civil contempt in this context consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply. Courts have inherent power to enforce their orders through civil contempt. See Spallone v. United States, 493 U.S. 265, 276 (1990), citing Shillitani v. United States, 384 U.S. 364, 370 (1966). Civil contempt is characterized by the court's desire to compel obedience with a court order, or to compensate the contemnor's adversary for the injuries which result from the non-compliance. Falstaff Brewing Corp. v. Miller Brewing Co., 702 F.2d 770, 778 (9th Cir. 1983). A district court has wide latitude in determining whether there has been a contemptuous defiance of one of its orders. Stone v. City of San Francisco, 968 F.2d 850, 856 (9th Cir. 1992).

The responding party is entitled to a hearing on the order to show cause where, unless waived, live testimony must be taken or an opportunity afforded to cross examine the declarants. See Pennwalt Corp., 708 F.2d at 495. However, where the affidavits offered in support of a finding of contempt are uncontroverted, a full evidentiary hearing is not essential to due process and the trial court may treat the facts set forth in the uncontroverted affidavits as true. See Peterson v. Highland Music, 140 F.3d 1313, 1324 (9th Cir. 1998). Without an issue of material fact, the district court is only required to give notice and an opportunity to be heard. See United States v. Ayres, 166 F.3d 991, 996 (9th Cir. 1999).

////

---

[3] The court in Higginbotham addressed alleged improprieties by counsel during depositions of parties and nonparties, including disruption of the deposition of plaintiff's expert. Id., 202 F.R.D. at 459. By contrast, the court in Halawani addressed a nonparty's failure to produce any documents in response to, or to move to quash, the subpoena duces tecum. Id., 2008 WL 5188813 (E.D. Mich. 2008). In Halawani, despite the nonparty's silent reliance on alleged defects in the manner of service of the subpoena, the court stated it was "reluctant to consider the harsh remedy of contempt without first placing them on notice that the Court sustains plaintiff's position. Justice and fair play mandate one last chance." Id., at *7.

"The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court." FTC v. Affordable Media, 179 F.3d 1228, 1239 (9th Cir. 1999). Once the moving party meets this standard, the burden shifts to the contemnor to demonstrate that he or she took every reasonable step to comply, and to articulate reasons why compliance was not possible. See Donovan v. Mazzola, 716 F.2d 1226, 1240 (9th Cir. 1983). To assess whether an alleged contemnor has taken "every reasonable step" to comply with the terms of a court order, the district court can consider (1) a history of noncompliance, and (2) a failure to comply despite the pendency of a contempt motion. See Stone, 968 F.2d at 856-57. A party's subjective intent and willfulness is irrelevant. See McComb v. Jacksonville Paper Co., 336 U.S. 187, 191 (1949); Donovan, 716 F.2d at 1240. Thus, the disobedient party's good faith or intent in attempting to comply does not bar a finding of contempt. Stone, 968 F.2d at 857. If, however, "a defendant's action 'appears to be based on a good faith and reasonable interpretation of (the court's order),' he should not be held in contempt." Vertex Distributing v. Falcon Foam Plastics, 689 F.2d 885, 889 (1982), quoting Rinehart v. Brewer, 483 F. Supp. 165, 171 (S.D. Iowa 1980).

Sanctions for civil contempt are imposed to coerce compliance with a court order, to compensate the party pursuing contempt for injuries resulting from the contemptuous behavior, or both. United States v. United Mine Workers of America, 330 U.S. 258, 303-04 (1947). "Generally, the minimum sanction necessary to obtain compliance is to be imposed." Whittaker Corp. v. Execuair Corp., 953 F.2d 510, 517 (9th Cir. 1992), citing Spallone, 493 U.S. at 280. Where the purpose of the contempt order is to ensure a party's compliance, the court must "consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired." Bademyan v. Receivable Management Services Corporation, 2009 WL 605789 (C.D. Cal. March 9, 2009), citing Whittaker Corp., 953 F.2d at 516.

In the CDCR's response, counsel sets forth the efforts of several individuals, including counsel, to search for and produce documents responsive to the subpoena prior to the filing of the instant motion.  The CDCR contends that despite the mistakes that were made, none of the actions by CDCR employees or their counsel were made in bad faith.  The CDCR argues that all of the individuals involved in responding to the subpoena acted reasonably and in good faith.  After the hearing on the instant motion, and during the subsequent search for documents, additional discovery was located and produced.  Counsel for the CDCR declares under penalty of perjury that a

> thorough and diligent search has been made for all confidential and non-confidential documents requested pursuant to the . . . subpoena . . .[and] all confidential and non-confidential documents, still in existence, . . . have now been produced to plaintiff's counsel.  This includes any and all physical and electronic documentation in its possession, custody, or control.

(Dkt. No. 157-1 at 2.)  Counsel also declares that they "have taken a broadened view of the scope of [the] subpoena," to review other documents which, even though not requested in the subpoena at issue, "might provide potentially relevant information."  (Id. at 4.)  These documents include "mental health information, some of which was provided with the production of the additional "EOP" documents and which may be provided based upon a review of the mental health records of each inmate currently being undertaken."  (Id.)  Counsel states he may seek the Court's direction regarding disclosure because "these records are specifically protected from production pursuant to the Federal HIPAA and state CMIA regulations."  (Id.)

CDCR senior staff counsel Jason Hurtado provides a declaration explaining the initial delays, and his efforts to comply with the subpoena.  (Dkt. No. 157-5 at 1-2.)  Hurtado was informed that responsive documents were produced, and stated that if he had "been aware of the existence of potentially responsive confidential information at that time, [he] would have retained [private counsel] for this purpose much sooner."  (Id. at 3.)

////

As set forth in the December 19, 2011 order, this court is very troubled by the delays, as well as the piecemeal production and searches for documents responsive to the subpoena, as well as "inadvertent," erroneous responses.[4] However, there is no evidence that the CDCR, a nonparty, willfully disobeyed the subpoena, or that the individuals involved acted, or failed to act, in bad faith, or colluded with defendants' counsel to withhold discovery. Thus, the court declines to find nonparty CDCR in contempt, or to order contempt sanctions. While the CDCR did intentionally withhold documents the CDCR deemed to be confidential, without seeking court intervention, the court previously ordered those documents produced without redaction or *in camera* review, and no sanctions as to these documents will be imposed. However, in the future, the CDCR would be wise to move to quash or protect its documents, particularly where its own employee delayed compliance with a subpoena.

Accordingly, the order to show cause is discharged, and plaintiff's motion is denied without prejudice.[5] However, in connection with the mental health records for petitioner and inmate Robinson that CDCR counsel is presently reviewing, to the extent that these mental health records show a propensity for violence, they are potentially relevant to plaintiff's claims herein, and CDCR counsel shall produce those records subject to a stipulated protective order and, if no such order can be agreed upon, CDCR shall seek court intervention.

---

[4] For example, one CDCR employee provided a declaration stating she misread the start date for the production of documents pertinent to inmate Robinson, and supplemented her production on December 22, 2011. (Dkt. No. 154-6 at 2-3.) Another CDCR employee had to amend her declaration stating certain documents were not retained when, in fact, they had not been destroyed and were then produced in December of 2011. (Dkt. No. 154-3 at 3-4.)

[5] This case has sustained very troubling delays based on the actions and inactions of various CDCR employees and its lawyers. It is inadequate for the CDCR to respond that certain documents were destroyed based on a CDCR records retention policy without investigating or searching to see whether the documents still exist. Plaintiff should not be required to seek a court order requiring the CDCR to determine whether certain documents exist; rather, the CDCR should be investigating and searching for documents responsive to discovery requests. Moreover, while the court appreciates that the nonparty CDCR is currently looking at documents that were "not directly requested" by the subpoena, under Rule 26(e), defendants are under an obligation to timely supplement discovery responses. Id.

II. Plaintiff's Motion for Sanctions Against Defendants

Plaintiff also seeks evidentiary sanctions against defendants, based on their alleged individual involvement, or in coordination with the CDCR, in delaying compliance with the subpoena. Plaintiff's specific allegations are set forth in the court's December 19, 2011 order, and are not repeated here. Plaintiff seeks evidentiary sanctions in the "form of an adverse inference that the contents of documents CDCR has failed to produce would have favored plaintiff." (Dkt. No. 149 at 15.)

On December 22, 2011, counsel for defendants and defendants individually filed declarations responsive to the December 19, 2011 order taking this sanctions motion under submission. (Dkt. No. 155.) Defense counsel clarifies that defendant Vance was the only defendant who reviewed a central file prior to the deposition, and it was inmate Robinson's central file, not plaintiff's. (Dkt. No. 155 at 2.) The documents reviewed by defendant Vance have now been produced to plaintiff's counsel. (Id.) Defense counsel further declares that he confirmed that his office had no additional documents responsive to the subpoena, other than documents already provided to plaintiff's counsel. (Id.) Finally, defense counsel was informed that a litigation hold was placed in early January 2007, once the complaint was served, but the EOP rosters were not retained beyond the relevant Coleman monitoring period. (Id. at 2.) In a prior declaration, defendants' counsel declared that neither he nor defendants "had any involvement with CDCR's document production," or "withheld or destroyed any evidence." (Dkt. No. 149-3 at 1-2.)

CDCR counsel Gabrielle de Santis Neld provided a declaration that states that:

> Based on [her] information and personal knowledge, [she] [does] not believe the CDCR sent files or documents responsive to Plaintiff's subpoena to the defendants or defense counsel instead of searching for the documents itself.

(Dkt. No. 157-4 at 2.)

////

Evidentiary preclusion is a harsh sanction that generally is not imposed where the failure to provide discovery was either substantially justified or harmless. See Lewis v. Ryan, 261 F.R.D. 513, 522 (S.D. Cal. 2009) (noting that exclusion of evidence under Rule 37(b)(2) is not appropriate where the failure to produce documents was either "substantially justified or harmless"); Yeti by Molly Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1105-06 (9th Cir. 2001) (noting that the "harshness" of Rule 37(c) sanctions excluding expert testimony is ameliorated by an exception permitting testimony if the parties' failure to disclose information is "substantially justified or harmless"). However, the court has inherent authority to sanction attorneys for willful abuse of the judicial process. Roadway Express, Inc., 447 U.S. at 766 ("The power of a court over members of its bar is at least as great as its authority over litigants.")

Here, certainly, counsel for defendants could have assisted in the resolution of the document production required by the subpoena directed to the CDCR, particularly prior to defendants' depositions. As noted by plaintiff, defendants are employees of the CDCR; and the Office of the Attorney General represents the CDCR and its employees on numerous occasions, and has access to CDCR files. While defendants' counsel is technically correct that the subpoena was directed to the CDCR, counsel was ordered, by this court, to cooperate in the exchange of discovery "so this stale case may be resolved expeditiously." (Dkt. No. 140 at 2.) On August 5, 2011, the parties were advised that the "court is not inclined to grant any further extensions for either party." (Dkt. No. 134 at 4.) Thus, the court was concerned to hear that in response to a problem with document production prior to defendants' depositions, defense counsel's only response was that counsel wouldn't produce the defendants for deposition if plaintiff anticipated requiring more deposition testimony after receiving the documents, and suggested the depositions be delayed. Counsel's response was contrary to the court's order that the depositions take place no later than November 1, 2011, and the court's prior order reflecting its unwillingness to grant further extensions.

////

1 However, at bottom, defendants did not fail to obey a court order to provide responses to the subpoena; therefore, evidentiary sanctions are not warranted. Defendants' counsel's failure to assist in resolving the discovery dispute frustrated both plaintiff and the court, and further delayed this case, but there is no evidence that defendants' counsel colluded with the CDCR to deprive plaintiff of the discovery sought. While some of the discovery sought may have been destroyed pursuant to a CDCR records retention policy, there is no evidence that the documents existed at the time the subpoena was served in 2011. Should plaintiff discover otherwise, he may, at the appropriate time, move to limit defendants to their discovery responses.

Accordingly, evidentiary sanctions against defendants are not warranted at this time. Thus, the request for evidentiary sanctions is denied without prejudice.

III. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. The December 19, 2011 order to show cause, directed to nonparty CDCR, is discharged;

2. Plaintiff's November 11, 2011 motion to find nonparty CDCR in contempt, and to award contempt sanctions (dkt. no. 144) is denied without prejudice;

3. In connection with the mental health records for petitioner and inmate Robinson that are potentially relevant to plaintiff's claims herein, CDCR counsel shall produce those records subject to a stipulated protective order and, if no such order can be agreed upon, CDCR shall seek court intervention; and

4. Plaintiff's November 11, 2011 request for evidentiary sanctions against defendants is denied without prejudice.

DATED: February 7, 2012

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

scru0633.san