1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10  ARTAY SCRUGGS,

11          Plaintiff,              No. 2:06-cv-0633 KJM KJN P

12      vs.

13  S. VANCE, et al.,

14          Defendants.             ORDER

15  _____/

16          Plaintiff is a state prisoner proceeding through counsel.  On January 20, 2012,

17  defendants filed a motion to reopen discovery for the limited purpose of obtaining plaintiff's

18  medical records from Atascadero State Hospital ("ASH"), which is noticed for hearing on

19  February 23, 2012, before the undersigned.  The court has determined that the matter shall be

20  submitted upon the record and briefs on file and, accordingly, the date for hearing of this matter

21  shall be vacated.  Local Rule 230.  Upon review of the motion and the documents in support and

22  opposition, the court denies defendants' motion, as set forth below.

23  I.  Background

24          On May 5, 2008, the court issued a scheduling order which provided that

25  discovery closed on August 22, 2008, and that dispositive motions were due by October 17,

26  2008.  (Dkt. No. 47.)  On January 20, 2009, due to the pending motion for summary judgment,

1

1  the January 30, 2009 pretrial conference date and the April 28, 2009 jury trial date were vacated.

2  On September 30, 2009, defendants' motion for summary judgment was denied.

3  On October 8, 2009, a further scheduling order issued, setting the pretrial

4  conference for August 20, 2010, and jury trial for December 7, 2010.  Pretrial statements were

5  filed, and on October 28, 2010, plaintiff's July 19, 2010 motion to subpoena documents from

6  ASH was granted.  Plaintiff sought medical records related to injuries sustained on May 19,

7  2004, his diagnosis of Post Traumatic Stress Disorder ("PTSD"), and any records by Psychiatric

8  Technician Chase Brewster, for plaintiff's use at trial to refresh witness Brewster's recollection.

9  The December 7, 2010 jury trial date was continued to April 12, 2011.  On December 10, 2010,

10  plaintiff's Fourteenth Amendment claims were dismissed.

11  On January 21, 2011, the case was reassigned to a new district judge, and on

12  February 11, 2011, a trial confirmation hearing was set for August 10, 2011, and jury trial was set

13  for September 26, 2011.  (Dkt. No. 116.)

14  On March 14, 2011, plaintiff, proceeding without counsel at the time, was granted

15  thirty days to submit a subpoena duces tecum to ASH.  On May 2, 2011, counsel was appointed

16  to represent plaintiff.  On June 27, 2011, trial confirmation hearing was set for August 10, 2011,

17  and jury trial was set for September 26, 2011.

18  On July 8, 2011, plaintiff's counsel moved to reopen discovery and amend the

19  pretrial order.  Defendants opposed the motion, claiming it was untimely, that plaintiff was not

20  diligent, and that the appointment of counsel was not a ground to reopen discovery.  On July 27,

21  2011, the trial confirmation and jury trial dates were vacated.  On August 5, 2011, plaintiff's

22  motion to reopen discovery was granted for the limited purpose of taking the depositions of

23  defendants.  The parties were warned that the "court is not inclined to grant any further

24  extensions for either party." (Dkt. No. 134 at 4.)  Trial confirmation hearing was re-set for

25  December 7, 2011, and the jury trial re-set for January 30, 2012.

26  ////

1            On August 12, 2011, plaintiff filed an ex parte motion to conduct certain limited

2 additional discovery to obtain documents prior to the defendants' depositions.  Defendants

3 objected to plaintiff's request.  On August 24, 2011, plaintiff's request was partially granted, and

4 the court narrowed the subpoena duces tecum directed to the CDCR, and imposed a protective

5 order as to inmate Robinson's documents.  (Dkt. No. 140 at 2.)  In that order, defendants'

6 counsel was reminded that plaintiff's counsel is entitled to all documents defendants have to

7 support their case.  Fed. R. Civ. P. 26(a)(1)(A)(i) & (ii).  Both parties were reminded that they are

8 under a continuing obligation to supplement discovery disclosures.  Fed. R. Civ. P. 26(a)(1)(E).

9 Both counsel were instructed to cooperate in the exchange of discovery so this stale case may be

10 resolved expeditiously.  (Dkt. No. 140 at 2.)

11            There was subsequent litigation to resolve production under the subpoena duces

12 tecum directed to the CDCR, which resulted in the trial confirmation hearing being continued to

13 March 21, 2012, and the jury trial to May 21, 2012.  (Dkt. No. 148.)  On December 19, 2011,

14 counsel was advised that:

15          To be clear, now that both parties are represented by counsel, Rule
16          26 of the Federal Rules of Civil Procedure does apply to this
         action.  Given the age of this case, counsel for all parties are
17          directed to cooperate in discovery.

18 (Dkt. No. 153 at 3.)

19 II.  Legal Standards

20            "The district court is given broad discretion in supervising the pretrial phase of

21 litigation."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation

22 and internal quotation marks omitted).  Rule 16(b) provides that "[a] schedule may be modified

23 only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "The schedule may

24 be modified 'if it cannot reasonably be met despite the diligence of the party seeking the

25 extension.'"  Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002)

26 (quoting Johnson, 975 F.2d at 607).  However, "carelessness is not compatible with a finding of

1   diligence and offers no reason for a grant of relief."  Johnson, 975 F.2d at 609.  "Although the

2   existence or degree of prejudice to the party opposing the modification might supply additional

3   reasons to deny a motion, the focus of the inquiry is upon the moving party's reason for seeking

4   modification."  Id.  "If a party was not diligent, the inquiry should end."  Id.

5          "In evaluating a motion to amend the pretrial order, a district court should

6   consider four factors:  (1) the degree of prejudice or surprise to the [non-moving party] if the

7   order is modified; (2) the ability of the [non-moving party] to cure the prejudice; (3) any impact

8   of modification on the orderly and efficient conduct of the trial; and (4) any willfulness or bad

9   faith by the party seeking modification."  Galdamez v. Potter, 415 F.3d 1015, 1020 (9th Cir.

10  2005) (citation omitted).

11  III.  Parties' Arguments

12          Defendants seek to reopen discovery for the limited purpose of obtaining

13  plaintiff's medical records from ASH from August 23, 2008 to the present, subject to a protective

14  order.  Defendants argue that these records were generated after the close of discovery, and that

15  defendants will be prejudiced if they cannot review these records prior to trial.  Defendants

16  contend that these records concern plaintiff's more recent mental health and medical treatment,

17  and are necessary to rebut plaintiff's claims concerning PTSD, and to impeach plaintiff's

18  credibility.  In an e-mail to opposing counsel, defendants' counsel stated they "waited so that

19  they could obtain the records to the present, rather than making multiple requests to the Court."

20  (Dkt. No. 158-2 at 6.)

21          Plaintiff contends defendants' request is too late, coming three years after

22  discovery closed, and only three months prior to trial.  Plaintiff argues defendants' request flies

23  in the face of their contrary position taken last year when defendants opposed plaintiff's request

24  to reopen discovery on the grounds that trial was only three months away.  Plaintiff contends

25  there were myriad opportunities for defendants to seek these records during the litigation after

26  counsel was appointed to represent plaintiff, yet defendants did nothing.

1   Plaintiff argues that defendants fail to show good cause and defendants cannot

2   demonstrate diligence.  Plaintiff contends that defendants' claim that they waited so they could

3   obtain records to the present and pose just one request to the court is mere pretext.  Plaintiff

4   points out that defendants made no effort to obtain pre-trial discovery from ASH on any of the

5   previous eves of trial, citing docket numbers 47, 58, 78 & 112.  Moreover, in July of 2010, when

6   plaintiff, acting in pro se, requested permission to subpoena medical records from ASH,

7   defendants interposed no request for copies or similar request to subpoena such records.  Plaintiff

8   states:

9   Indeed to plaintiff's knowledge, defendants have *never* sought to
    subpoena plaintiff's medical records from ASH (or, to plaintiff's
10  knowledge, sought medical records through discovery from anyone
    at any point in this litigation even though they knew that plaintiff's
11  injuries were a point of contention in this litigation and even
    though plaintiff has been at ASH since September 27, 2007.

12

13  (Dkt. No. 162 at 4.)  Plaintiff contends that allowing defendants to subpoena these documents at

14  this late hour would "severely impair" plaintiff's ability to prepare expert testimony for trial.  (Id.

15  at 5.)  "Plaintiff's expert reports would now have to anticipate whatever theory defendants might

16  proffer using records that would not [have] been produced as of the date of submission of the

17  reports."  (Id.)  Finally, plaintiff contends the subpoena is overbroad, and that defendants refused

18  to narrow the request in any way.  Plaintiff argues that psychiatric records are particularly

19  sensitive, as they reveal highly personal information, and their disclosure must be narrowly

20  tailored.

21   In reply, defendants contend they demonstrate good cause because they seek

22  records generated after the close of discovery.  Defendants argue that the diligence rule of Rule

23  16 only applies to efforts made before the close of discovery, not efforts to obtain records

24  generated after the discovery cut-off.[1]  Defendants contend that fundamental fairness requires

25  _____

26  [1]  The only authority defendants cite for this proposition is that the district court may
    modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party

5

1  that defendants be permitted to obtain this limited discovery.  Defendants argue they are not

2  precluded from seeking these documents simply because they opposed plaintiff's prior motion to

3  reopen discovery, and point out that plaintiff was able to obtain thousands of pages of recent

4  discovery while defendants obtained none.  Defendants refute plaintiff's claim of prejudice,

5  arguing that plaintiff has always had access to plaintiff's ASH records, and his expert will rely

6  upon those records at trial.  Indeed, plaintiff intends to call two ASH psychiatrists to testify on

7  plaintiff's behalf.  If defendants' experts need to supplement their reports in response to these

8  newly-produced records, plaintiff's experts can also produce a supplemental response.

9  Defendants argue that the ASH records are highly relevant to plaintiff's claim of PTSD, and

10  probative on his credibility.  "His longstanding paranoid schizophrenia and schizoaffective

11  disorder impair his ability to perceive and recall accurately."  (Dkt. No. 163 at 2.)

12  IV.  Motion to Reopen Discovery

13             All the factors of Galdamez weigh against the requested modification.

14  Defendants intentionally waited to seek this subpoena, in the face of numerous warnings by the

15  court that it would not tolerate any further delays.  On January 20, 2012, defendants now seek

16  leave to reopen discovery, over three years from the date discovery closed on August 22, 2008,

17  and a year and a half after plaintiff's July 19, 2010 motion put defendants on notice that plaintiff

18  claimed he suffered from PTSD and that plaintiff sought his own medical records from ASH.

19  (Dkt. No. 94.)  Defendants now seek to justify their late request for this discovery by claiming

20  they could not seek the documents sooner because the documents didn't exist on the date

21  discovery closed.  Given the multiple times this case has been rescheduled for trial, the failure of

22  defendants to seek any of plaintiff's medical records from ASH from October 5, 2007, to the

23  close of discovery on August 22, 2008, as well as the more recent opportunities defendants had

24  to make their desire to obtain records from ASH known to plaintiff and the court, defendants'

25  _____

26  seeking the extension."  Johnson, 975 F.2d 608.

1   request appears to be more of a subterfuge to hide the fact that defendants failed to earlier seek

2   this discovery.  Defendants cannot now claim they are prejudiced by plaintiff's recent receipt of

3   discovery when defendants did not earlier request these medical records.

4          Moreover, at least some of the medical records existed by 2010, offering

5   defendants ample opportunity to request copies of the documents sought by plaintiff pro se in

6   2010, as well as when new counsel sought to subpoena records from the CDCR in August of

7   2011.  It is now February of 2012, and trial is set for May 21, 2012.  Granting defendants' motion

8   would most certainly require continuing the trial date.  The court has advised the parties, on

9   several occasions, that this case would be kept on track for trial, and instructed not to further

10  delay this case.  Rather than a good faith effort to obtain these documents, it appears that

11  defendants seek to further delay this action.

12         Moreover, if defendants had previously requested discovery of plaintiff's records

13  from ASH, defendants would be entitled to supplementation of the discovery under Rule 26(e) of

14  the Federal Rules of Civil Procedure.  However, that is not the case here.  Defendants were first

15  put on notice of plaintiff's admission to ASH by his change of address filed on October 5, 2007.

16  (Dkt. No. 30.)  While the medical records sought by defendants are certainly relevant, defendants

17  took no steps, either before discovery closed, or while plaintiff was attempting to obtain these

18  very records, to make defendants' desire for these records known.  Even after counsel was

19  appointed for plaintiff, and the court briefly reopened discovery for a limited purpose, defendants

20  did not bring the instant motion.

21         Based on the instant record, plaintiff would be prejudiced by the late production

22  of these records to defendants.  The deadline for expert witness disclosure is February 21, 2012.

23  Fed. R. Civ. P. 26(a)(2)(D).  Although defendants argue that plaintiff's experts can simply

24  provide a supplemental report, defendants do not address the increased time or expense such

25  supplemental reports would impose.  The increased cost of an expert's supplemental report,

26  particularly for plaintiff's counsel serving pro bono, would be great.  Plaintiff would also be

7

1    prejudiced by the resulting delay in resolution of this case.  This case was filed in 2006, and

2    plaintiff is entitled to a firm and final trial date.

3            Defendants could ameliorate some of the prejudice by paying for plaintiff's costs

4    incurred in having to supplement any expert report.  However, there is no way for defendants to

5    cure the prejudice plaintiff would suffer from a further delay in a case filed in 2006.

6            Moreover, if the court allowed defendants to obtain these records at this late date,

7    there would be a huge impact on the orderly and efficient conduct of the trial.  Because expert

8    disclosures are due February 21, 2012, and the trial confirmation hearing is March 21, 2012, and

9    the trial date is May 21, 2012, it is likely these dates would have to be continued again in order

10   for the subpoena to be served, responses received, and any disputes concerning the subpoena

11   resolved.  As set forth above, this case has been continued numerous times, and the court has

12   warned the parties on several occasions that further delays are unacceptable.

13           Finally, defendants' reliance on a fundamental fairness argument is unavailing.

14   As defendants point out, pretrial discovery provisions in the Federal Rules were meant to take the

15   "sporting element" out of litigation, and to disclose issues and facts to both parties prior to trial.

16   However, it was defense counsel who decided to wait until the eve of trial to seek leave to obtain

17   these documents, despite having had earlier opportunities to do so, in a case where multiple

18   continuances had already been granted.  The delay is a problem of defendants' own making.  The

19   enforcement of discovery deadlines is essential in promoting the just and efficient administration

20   of justice.  Fundamental fairness now weighs on the side of plaintiff's right to have his day in

21   court.

22           For all of the above reasons, the court finds that based on defendants' failure to

23   diligently pursue discovery in this action, defendants have not made the requisite showing of

24   good cause to reopen discovery.  Zivkovic v. Southern California Edison Co., 302 F.3d 1080,

25   1087-88 (9th Cir. 2002); Johnson, 975 F.2d at 609 ("If that party was not diligent, the inquiry

26   should end").  Defendants' motion is denied.

1    That said, the parties are reminded that under Rule 26(e) of the Federal Rules of

2   Civil Procedure, they are under an obligation to timely supplement discovery responses.  Id.

3   V.  Conclusion

4    Accordingly, IT IS HEREBY ORDERED that:

5    1.  The February 23, 2012 hearing date is vacated;

6    2.  Defendants' January 20, 2012 motion to reopen discovery (dkt. no. 158) is

7   denied; and

8    3.  The parties are reminded of their obligation to supplement discovery responses

9   pursuant to Fed. R. Civ. P. 26(e).

10   DATED:  February 17, 2012

11

12

13                                              _____
                                              KENDALL J. NEWMAN
14                                              UNITED STATES MAGISTRATE JUDGE

15

16   scru0633.reo2

17

18

19

20

21

22

23

24

25

26