IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARTAY SCRUGGS,

     Plaintiff,                      No. 2:06-cv-0633 KJM KJN P

   vs.

S. VANCE, et al.,

     Defendants.           AMENDED PRETRIAL ORDER[1]

                           /

        Plaintiff, currently housed at Atascadero State Hospital ("ASH"), is proceeding through counsel with a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants Claborne, Nelson and Vance violated plaintiff's Eighth Amendment[2] rights by failing to protect plaintiff from an inmate who was known to have a mental illness. (Dkt. No. 26 at 10-11.) Plaintiff seeks actual and punitive damages.

        Pursuant to court order, the parties submitted a joint pretrial statement. Defendants' motion for summary judgment was denied on September 30, 2009. (Dkt. No. 76.)

---

[1] On August 5, 2011, the prior pretrial order, issued June 27, 2011, was vacated. (Dkt. No. 134.)

[2] Plaintiff's Fourteenth Amendment claims were dismissed by order filed December 10, 2010. (Dkt. No. 113.)

Upon review of the pretrial statements and the court record, and good cause appearing therefor, this court makes the following findings and orders.

JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. § 1331 arising under 42 U.S.C. § 1983. Venue is proper. There is no dispute over either jurisdiction or venue.

JURY/NON-JURY

The parties timely requested trial by jury.

UNDISPUTED FACTS

A. Plaintiff is a convicted felon committed to the ASH by order of the San Luis Obispo County Superior Court dated October 26, 2010. (Dkt. No. 117 at 3.)

B. In 2004, plaintiff was incarcerated at California State Prison - Sacramento (CSP-SAC), and housed in the Enhanced Outpatient Unit ("EOP Unit"), a housing unit for inmates with mental health conditions.

C. In 2004, defendants Vance, Nelson, and Claborne were correctional officers at CSP-SAC.

D. Defendant Vance was a member of the Institutional Classification Committee ("ICC") which decided the housing status of inmates at CSP-Sacramento, including inmates housed in the EOP Unit.

E. The ICC cleared plaintiff for double-cell housing in the EOP Unit of CSP-SAC.

F. On or about May 17, 2004, plaintiff was assigned to cell with inmate Lorenzo Robinson.

G. On the morning of May 19, 2004, plaintiff and inmate Lorenzo Robinson approached defendant Claborne on the exercise yard. (Dkt. No. 26 at 5.)

////

////

  H.  Plaintiff told defendant Claborne that he and Robinson were "incompatible," and requested a cell transfer.  Defendant Claborne contends that plaintiff asked to be celled with his former cellmate, inmate Carwell.  (Dkt. No. 159 at 10.)

  I.  The specifics of what happened next are in dispute, but it is undisputed that defendant Claborne talked to defendant Nelson, and defendant Nelson approved plaintiff's cell change.

  J.  The details of the subsequent exchange between plaintiff and defendant Claborne are in dispute, but it is undisputed that plaintiff returned to his cell without an escort, and was locked into his cell.

  K.  Upon return to his cell, while packing his belongings, plaintiff was assaulted by his cellmate, Lorenzo Robinson.  Inmate Robinson used an inmate-manufactured weapon, or "shiv," to stab plaintiff in the head and neck.

DISPUTED FACTUAL ISSUES

  1.  Whether plaintiff and inmate Lorenzo Robinson should have been cleared for double-cell housing.

  2.  Whether defendants acted with deliberate indifference to plaintiff's health and safety by requiring plaintiff to double-cell with inmate Robinson.

  3.  Whether defendants acted with deliberate indifference to plaintiff's health and safety by requiring plaintiff to return to his cell to pack his belongings without an escort.

  4.  The sequence of events on May 19, 2004, including the nature of conversations between plaintiff and defendants.

  5.  Whether Lorenzo Robinson posed a substantial risk of serious harm to plaintiff, and whether defendants were aware of the risk, both prior to plaintiff being housed with Robinson, or prior to plaintiff returning to his cell without an escort.

  6.  Whether, following Robinson's assault on plaintiff, defendant Vance told plaintiff that he had to fill out paperwork to protect himself.

       7. The nature and extent of plaintiff's injuries.

DISPUTED EVIDENTIARY ISSUES

      Defendants plan to impeach plaintiff with proof of his prior felony convictions pursuant to Rule 609 of the Federal Rules of Evidence.

      Plaintiff will contest the admissibility of:

      1. Plaintiff's convictions for unrelated offenses;

      2. Plaintiff's mental illnesses other than those suffered as a result of the assault at issue here; and

      3. Any evidence that was withheld by defendants or the CDCR in discovery.

      Motions in limine shall be filed and served not later than seven days prior to the date set for trial.

SPECIAL FACTUAL INFORMATION

      None applicable.

RELIEF SOUGHT

      Plaintiff seeks monetary damages for the physical, mental, and emotional injuries caused to his person, punitive damages, and attorney's fees. Defendants seek judgment in this case, and an award of costs.

POINTS OF LAW

      The parties shall brief the elements, standards and burden of proof of the claims herein presented by plaintiff under the applicable constitutional amendment, statutes and regulations. Trial briefs shall be filed with this court no later than ten days prior to the date of trial in accordance with Local Rule 285.

ABANDONED ISSUES

      No issues have been abandoned.

WITNESSES

      Plaintiff anticipates calling:

1. Plaintiff Artay Scruggs
2. Inmate Lorenzo Robinson
3. Defendant S. Vance
4. Defendant O. Claborne
5. Defendant J. Nelson
6. Investigators at the CDCR who interviewed plaintiff re
7. disassociation from gangs.
8. Dr. Gabrielle Palodino, expert and fact witness, staff
9. psychiatrist, and formerly one of plaintiff's treating physicians at
10. ASH
11. Dr. Joshua Deane, expert and fact witness, staff
12. psychiatrist, and currently one of plaintiff's treating physicians at
13. ASH
14. Medical experts who can opine on relevant medical issues.
15. Medical professional(s) who treated plaintiff at the
16. Department of Mental Health's Vacaville institution.
17. Defendants anticipate calling:
18. Defendant Vance
19. Defendant Nelson
20. Defendant Claborne
21. L. Young
22. S. Stiles
23. V. Mini
24. S. Simons
25. C. Paizis
26. A. Murphy

Plaintiff's treating professionals at CSP-SAC and other CDCR institutions.

Plaintiff's treating professionals at the Department of Mental Health ("DMH")-Vacaville, DMH-Patton State Hospital, and ASH.

Custodians of plaintiff's prison and medical records.

Also, defendants request that the Custodians of Records be permitted to authenticate documents by their declarations, to avoid the unnecessary time and expense of their appearance at trial. Good cause appearing, defendants' request is deferred to the trial confirmation hearing, at which time it may be raised before the district court if the parties have not reached a stipulation agreeing to authentication of official records by declaration.

Each party may call any witnesses designated by the other.

    A. No other witness will be permitted to testify unless:

        (1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated at the pretrial conference, or

        (2) The witness was discovered after the pretrial conference and the proffering party makes the showing required in "B," below.

    B. Upon the post pretrial discovery of witnesses, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so that the court may consider at trial whether the witnesses shall be permitted to testify. The witnesses will not be permitted unless:

        (1) The witnesses could not reasonably have been discovered prior to pretrial;

        (2) The court and the opposing party were promptly notified upon discovery of the witnesses;

    (3) If time permitted, the party proffered the witnesses for deposition;

    (4) If time did not permit, a reasonable summary of the witnesses' testimony was provided to the opposing party.

EXHIBITS, SCHEDULES AND SUMMARIES

  Plaintiff anticipates offering the following:[3]

    1. Records obtained from the CDCR from the central files of plaintiff and inmate Lorenzo Robinson, as well as other sources within the CDCR.

    2. Records obtained from defendants in discovery.

    3. Records obtained from the California Department of Mental Health.

    4. The depositions of defendants Vance, Claborne, and Nelson.

    5. The deposition of plaintiff taken by defendants.

  Defendants anticipate offering the following:

    A. Abstracts of Judgment of plaintiff.

    B. CDC 112 Chronological History for plaintiff.

    C. June 8, 2007 order committing plaintiff to DMH for battery on non-confined persons, and related documents.

    D. Rule Violation Report of July 19, 1999, for mutual combat.

    E. Rule Violation Report of June 10, 2001, for threatening staff.

    F. Rule Violation Report of October 23, 2002, for possession of a stabbing weapon.

    G. Rule Violation Report of June 19, 2006, for battery on a peace officer.

    H. Rule Violation Report of May 31, 2007, for battery of staff.

---

[3] On February 24, 2012, defendants filed objections to plaintiff's exhibit list on the grounds that plaintiff failed to identify specific exhibits he intends to offer at trial. Plaintiff's identification of anticipated exhibits is somewhat vague and overbroad. **Plaintiff shall file a more specific exhibit list within seven days from the date of this pretrial order.**

I. Order of Superior Court of San Luis Obispo, dated October 26, 2010, finding plaintiff incompetent to stand trial for criminal proceedings.

J. Double-cell housing policy dated April 25, 2003.

K. Single-cell housing policy dated August 21, 1998, and December 10, 1998.

L. Classification chronos from 2003-2004.

M. Incident Reports from altercation between plaintiff and inmate Lorenzo Robinson on May 19, 2004.

N. CDC 7219 Medical Reports for plaintiff after incident on May 19, 2004.

O. Psychiatric evaluation of plaintiff dated May 20, 1998, from DMH-Patton State Hospital.

P. Psychiatric evaluation of plaintiff dated September 13, 2000, from CSP-Corcoran.

Q. Discharge summary dated December 6, 2002, from R.J. Donovan Correctional Facility.

R. Medical records from April -May 2004, from CSP-Sacramento.

S. Psychiatric evaluation dated August 2, 2004, from DMH-Vacaville.

T. Discharge summary dated September 7, 2004, from DMH-Vacaville.

U. Discharge summary dated May 25, 2005, from DMH-Vacaville.

V. Psychiatric consult dated July 26, 2005, from CSP-Sacramento.

W. Psychiatric evaluation dated May 1, 2007, from DMH-Vacaville.

        X.  Medical records from ASH from August 23, 2008 to present.[4]

Both parties shall exchange exhibits thirty days prior to trial.  Each party will file any objections to exhibits ten days before trial.  Each exhibit not previously objected to will be forthwith received into evidence.  Plaintiff will use numbers to mark exhibits; defendant will use letters.

        A.  No other exhibits will be permitted to be introduced unless:

            1.  The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not have been reasonably anticipated, or

            2.  The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in Paragraph "B," below.

        B.  Upon the post pretrial discovery of exhibits, the parties shall promptly inform the court and opposing party of the existence of such exhibits so that the court may consider at trial their admissibility. The exhibits will not be received unless the proffering party demonstrates:

            1.  The exhibits could not reasonably have been discovered earlier;

            2.  The court and the opposing party were promptly informed of their existence;

            3.  The proffering party forwarded a copy of the exhibit(s) (if physically possible) to the opposing party.  If the exhibit(s) may not be copied the proffering party must show that he has made the exhibit(s) reasonably available for inspection by the opposing party.

The parties are directed to bring an original and one copy of each exhibit to trial.  The original exhibit becomes the property of the court for purposes of trial.  The copy is for bench use during

---

[4] Although defendants include these records as proposed exhibits, defendants' motion to reopen discovery to obtain these records was denied on February 17, 2012.  (Dkt. No. 164.)

trial.

DISCOVERY DOCUMENTS

Plaintiff's and defendants' deposition transcripts, and the discovery documents set forth in each party's exhibits' sections above.

FURTHER DISCOVERY OR MOTIONS

Discovery is closed.

Defendants' recent motion to reopen discovery was denied. Defendants note that plaintiff indicated he will complete the deposition of defendant Vance, and may also choose to re-depose defendants Nelson and Claborne. Plaintiff did not address the issue of further depositions in plaintiff's portion of the joint statement. Plaintiff is cautioned that any further depositions should be held forthwith in order to avoid further delay.

Motions in limine must be filed seven days prior to the trial.

STIPULATIONS

At this time the parties have not agreed to any stipulations, but defendants will stipulate to the undisputed facts as set forth in their pretrial statement. (Dkt. No. 159 at 15.) Defendants will also stipulate to using the declarations from custodians of records for authentication purposes. Plaintiff "anticipates" stipulating to the authenticity and admissibility of documentary evidence they intend to enter as exhibits. (Dkt. No. 159 at 8.)

AMENDMENTS/DISMISSALS

None.

SETTLEMENT NEGOTIATIONS

A settlement conference is set for April 5, 2012, at 11:00 a.m.,[5] before the Honorable Craig M. Kellison, United States Magistrate Judge.

////

---

[5] The previously-scheduled time of 8:30 a.m. is reset to 11:00 a.m.

AGREED STATEMENTS

     None.

SEPARATE TRIAL OF ISSUES

     Not applicable.

IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

     The court does not limit the number of expert witnesses herein.

     Plaintiff requests the appointment of an impartial expert witness to assist the court or jury in assessing and determining plaintiff's damages. Defendants state that the appointment of an impartial expert witness is not necessary or advisable.

     It appears that plaintiff is asking for the appointment of an independent expert witness under Federal Rule of Evidence 706, a matter within a court's discretion. Walker v. American Home Shield Long Term Disability Plan, 180 F .3d 1065, 1071 (9th Cir. 1999). Appointment may be appropriate when "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or decide a fact in issue. . . ." Ledford v. Sullivan, 105 F.3d 354, 358-59 (7th Cir. 1997). However, courts infrequently appoint impartial expert witnesses under Rule 706. See 29 Charles Alan Wright et al., Federal Practice and Procedure § 6034 (3d ed. Supp. 2011).

     Here, both counsel plan to call expert witnesses to testify. Plaintiff has not explained how plaintiff sustained unique or indeterminable damages such that the jury would require the assistance of an impartial expert witness in order to determine damages. Thus, plaintiff's request is denied.

ATTORNEYS' FEES

     Plaintiff seeks attorney's fees and costs under 42 U.S.C. § 1988(b). If defendants prevail, they will not seek attorneys' fees. Defendants ask that if plaintiff prevails, plaintiff's attorney's fees be limited pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(d).

////

ESTIMATED TIME OF TRIAL/TRIAL DATE

This matter is presently set for trial confirmation hearing on March 21, 2012, at 11:00 a.m. Because this case is set for settlement conference on April 5, 2012, the trial confirmation hearing is continued to April 26, 2012, at 3:30 p.m., in Courtroom #3 before the Honorable Kimberly J. Mueller.

Jury trial is set for May 21, 2012, at 9:00 a.m., in Courtroom #3 before the Honorable Kimberly J. Mueller. Trial is anticipated to last three days.

PROPOSED JURY VOIR DIRE AND PROPOSED JURY INSTRUCTIONS

The parties are directed to Local Rule 162(a) and Local Rule 163(a) for procedures and time limits regarding proposed voir dire and proposed jury instructions, respectively. The provisions of such local rules notwithstanding, the parties shall file proposed voir dire and proposed jury instructions, if any, not later than fourteen days before the date set for trial.

MISCELLANEOUS

Plaintiff's present custodian and counsel shall provide for plaintiff's presence at trial pursuant to the writ of habeas corpus ad testificandum to be issued. All parties shall take any steps necessary to facilitate execution of such writ. The parties and plaintiff's custodian are cautioned that sanctions will be imposed for failure to comply with court orders.

Counsel are directed to Local Rule 285 regarding the contents and the deadline for filing trial briefs.

////
////
////
////
////
////

OBJECTIONS TO PRETRIAL ORDER

Each party is granted fourteen days from the date of this order to file objections to the order. If no objections are filed, the order will become final without further order of this court.

DATED: February 28, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

scrug633.pto2