IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARTAY SCRUGGS,

        Plaintiff,                      No. 2:06-cv-0633 KJM KJN P

    vs.

S. VANCE, et al.,

        Defendants.         ORDER

_____/

        On April 5, 2012, plaintiff filed a motion for sanctions for alleged violation of this court's discovery orders, which is noticed for hearing on April 26, 2012, at 10:00 a.m., before the undersigned. This case is presently set for trial confirmation hearing before the district court on April 26, 2012, at 3:30 p.m.

        Initially, the court notes that in an April 4, 2012 e-mail to plaintiff's counsel, from counsel for defendants, Deputy Attorney Grant Lien, he informed plaintiff's counsel that

> you are mistaken about the confidential memo. I have received what CDCR produced to you, and it includes a June 27, 2000 confidential memo re: Robinson, which I have attached.

(Dkt. No. 173-3 at 3.) Thus, to the extent that defendants' counsel received copies of documents of what he was informed that the CDCR produced to plaintiff, and the June 27, 2000 confidential memo was included, defense counsel was not put on notice that plaintiff did not receive the

1

memo, and plaintiff would not be entitled to evidentiary sanctions as a result, even given this court's prior orders regarding production of confidential documents. Although plaintiff's counsel characterizes this occurrence as the CDCR having produced the confidential memo to defendants' counsel, but intentionally withholding the document from plaintiff, it is also possible that the memo was inadvertently omitted from plaintiff's set of photocopies by the CDCR. Plaintiff's filing does not make clear whether the production was Bates stamped, or otherwise marked in such a way that the court can determine whether exact copies were produced to both plaintiff and defendants by the CDCR. In any event, it appears that Mr. Lien provided a copy of the confidential memo by return e-mail. Thus, this issue may be moot.

Nevertheless, in an abundance of caution, the court will provide an expedited briefing schedule on the motion. Given the urgent time constraints herein, the court vacates the April 26, 2012 hearing before the undersigned. The court anticipates issuing a ruling on the papers, without oral argument. Counsel for defendants and for plaintiff shall meet and confer, pursuant to Local Rule 251. During this meet and confer, counsel shall compare the confidential documents provided to each counsel by the CDCR, and ensure that both sides have copies of all confidential documents. Counsel shall specifically address the results of this comparison in the joint stipulation to be filed on or before noon on Friday, April 20, 2012. If the parties resolve this motion through the meet and confer process, counsel for plaintiff shall file a notice of withdrawal of such motion.

IT IS HEREBY ORDERED that:

1. The 10:00 a.m. hearing on April 26, 2012, before the undersigned is vacated.

////
////
////
////
////

1        2. Counsel for the parties shall meet and confer, as set forth above, and shall file a joint stipulation concerning the April 5, 2012 motion, pursuant to Local Rule 251(c), on or before noon on Friday, April 20, 2012.

DATED: April 13, 2012

```
                                    _____
                                    KENDALL J. NEWMAN
                                    UNITED STATES MAGISTRATE JUDGE
```

scru0633.ost