IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARTAY SCRUGGS,

      Plaintiff,                      No. 2:06-cv-0633 KJM KJN P

   vs.

S. VANCE, et al.,

      Defendants.            <u>ORDER</u>

                                /

          Plaintiff is proceeding through counsel with a civil rights complaint pursuant to 42 U.S.C. § 1983. On April 5, 2012, plaintiff filed a motion for sanctions for violation of court order. Plaintiff seeks an order compelling defendants and the California Department of Corrections and Rehabilitation ("CDCR") to produce all evidence withheld in violation of this court's orders and the Federal Rules of Civil Procedure; precluding defendants from introducing or relying at trial on the withheld evidence; providing an evidentiary instruction to the jury concerning the issue on which defendants withheld evidence; specifically, that defendants knew that Lorenzo Robinson was a member of the Crips gang and was therefore incompatible as a cell mate for the plaintiff; and awarding plaintiff the costs of bringing this motion.

          On April 20, 2012, pursuant to this court's order, the parties filed a joint statement pursuant to Local Rule 251(c). It appears that defendants' counsel was provided a larger set of

confidential documents by counsel for CDCR because CDCR counsel provided the confidential documents that had not been reviewed to remove those documents not responsive to the subpoena duces tecum. The subpoena duces tecum required the CDCR to produce documents between the date Robinson was "first housed at CSP-Sac or September 1, 2003, whichever is earlier, and May 20, 2004 (but in no event more than three years prior to May 20, 2004)." (Dkt. No. 153-3 at 3.) The undersigned found that plaintiff's initial subpoena duces tecum was too broad in time because plaintiff sought all documents prior to May 20, 2004, and Robinson was incarcerated on September 17, 1991. (Dkt. No. 140 at 2-3.)

The confidential memorandum, was prepared at Pelican Bay State Prison, and dated June 27, 2000, and therefore did not fall within the subpoena duces tecum. Therefore, CDCR is not subject to sanctions for any alleged failure to provide the document to plaintiff. Moreover, counsel for CDCR informed defendants' counsel that the confidential documents provided to defendants' counsel were the same confidential documents that CDCR provided to plaintiff. Therefore, counsel for defendants was unaware he possessed confidential documents plaintiff did not possess. Accordingly, plaintiff is not entitled to sanctions, evidentiary or otherwise, based on the inadvertent disclosure of the June 27, 2000 memorandum.

Although plaintiff speculates that defendants or defendants' counsel may have had access to the confidential June 27, 2000 memorandum during reviews of Robinson's central file, there is no evidence before the court that defendants reviewed the confidential portion of Robinson's central file or had possession of the June 27, 2000 memorandum prior to defendants' counsel's receipt of the memorandum from CDCR counsel on or about January 25, 2012. In addition, there is no indication that plaintiff sought, through discovery, information concerning Robinson's gang membership. The subpoena duces tecum does not identify gangs or gang membership, and the amended complaint does not identify gang membership as the reason defendants allegedly failed to protect plaintiff by housing him with inmate Robinson (dkt. no. 26 at 10-11). Finally, although plaintiff apparently became aware on February 21, 2012, that

defendants' expert relied on the June 27, 2000 memorandum in the expert report disclosed, plaintiff did not seek to depose the expert witness Murphy, and it was not until April 4, 2012, that plaintiff's counsel informed defendants' counsel that plaintiff had not previously received the June 27, 2000 confidential memorandum.

While the June 27, 2000 confidential memorandum is relevant, and it is unfortunate that plaintiff was not previously provided the memorandum, the court does not find it appropriate to award sanctions or expenses. However, the court orders that discovery is reopened so that plaintiff may take and re-take depositions pertinent to the newly-disclosed confidential documents up until the date of trial. Defendants and counsel for defendants shall cooperate in the scheduling of these depositions to avoid further delay, and to ensure that the depositions occur prior to trial.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's April 5, 2012 motion (dkt. no. 173) is denied;

2. Discovery is re-opened for the sole purpose of allowing plaintiff to take depositions pertinent to the recently-provided confidential documents;[1] and

3. Defendants and defendants' counsel shall cooperate in the scheduling of these depositions as set forth above.

DATED: April 23, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

scru0633.san2

---

[1] At the trial confirmation hearing, plaintiff's counsel should be prepared to address whether, in fact, he anticipates conducting additional depositions.