IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARTAY SCRUGGS,

      Plaintiff,                    No. 2:06-cv-0633 KJN P

   vs.

S. VANCE, et al.,

      Defendants.          ORDER

_____/

It is undisputed that inmate Robinson was plaintiff's cellmate who attacked plaintiff, resulting in the instant litigation. On May 22, 2012, defendants filed a motion in limine[1] to exclude inmate Robinson from testifying based on Robinson's sworn statement that he did not recall the events of May 19, 2004, and has no pertinent testimony to offer. (Dkt. No. 92.) Plaintiff opposes. Based on the following, the court denies defendants' motion.

> The district court's power to issue a writ of habeas corpus ad testificandum to secure the testimony of a state prisoner witness is beyond dispute. See Ballard v. Spradley, 557 F.2d 476, 480 (5th Cir.1977). In Ballard v. Spradley, the Fifth Circuit discussed the factors which should guide a district court in determining whether

---

[1] The court acknowledges that oral argument on motions in limine is set for June 11, 2012; however, because the court must issue a writ of habeas corpus ad testificandum for inmate Robinson's appearance at trial, the court finds this motion appropriately resolved without oral argument. L.R. 230(g).

1

to issue the writ to bring a state prisoner witness into federal court.
When determining whether it should issue a writ of habeas corpus
ad testificandum in such instances, the district court must exercise
its discretion based upon consideration of such factors as whether
the prisoner's presence will substantially further the resolution of
the case, the security risks presented by the prisoner's presence, the
expense of the prisoner's transportation and safekeeping, and
whether the suit can be stayed until the prisoner is released without
prejudice to the cause asserted.

Wiggins v. Alameda County, 717 F.2d 466, 468 n.1 (9th Cir. 1983).

On June 2, 2010, in response to plaintiff's motion to correspond with incarcerated witnesses, the court sent a notice to inmate Robinson, asking inmate Robinson to respond to the order by checking all of the following that applied:

\_\_\_\_\_   I have eye- or ear-witness testimony to offer during the jury trial concerning the events among plaintiff, inmate Lorenzo Robinson, and defendants, on or about May 19, 2004, at CSP-Sacramento.

\_\_\_\_\_   I am willing to testify voluntarily on behalf of plaintiff Scruggs.

\_\_\_\_\_   I do not remember any events on or about May 19, 2004, and have no pertinent testimony to offer.

\_\_\_\_\_   I refuse to testify voluntarily.

(Dkt. No. 90.) On June 8, 2010, plaintiff marked the entry stating he does not remember any events on or about May 19, 2004, and had no pertinent testimony to offer, signing the notice under penalty of perjury. (Dkt. No. 92.)

Defendants argue that on October 8, 2009, the court ordered that incarcerated witnesses will not be permitted to testify unless a party makes a motion and shows that the witness has actual knowledge of relevant facts. (Dkt. No. 78 at 2-4.) Thus, defendants contend that Robinson's sworn statement that he does not recall the events of May 19, 2004, and has no pertinent testimony to offer, is grounds to exclude Robinson as a witness.

In opposition, plaintiff contends that it is undisputed that Robinson attacked plaintiff, and therefore is a key witness in this case. Plaintiff argues that he has a right to test inmate Robinson's memory by refreshing his recollection and subjecting his testimony to cross-

examination.

In reply, defendants argue that in determining whether to transport an inmate witness, the court considers whether the inmate's presence will substantially further the resolution of the case, and the expense of transportation and security. Wiggins, 717 F.2d at 468 n.1 (9th Cir. 1983). Defendants argue that the court can exclude a witness if the inconvenience and expense of transporting the inmate outweighs any potential benefit he can provide. Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). Thus, defendants contend that transporting Robinson to trial will be a waste of time and resources for the state and the court. Finally, defendants point out that plaintiff provided no authority for his assertion that he has a right to cross-examine Robinson, and argue that position is belied by Wiggins and Walker, and the court's October 8, 2009 order, that inmate witnesses are not permitted to testify without a showing that the witness has actual knowledge of pertinent facts.

First, the court notes that the October 8, 2009 scheduling order was issued while plaintiff was proceeding without counsel. Neither Wiggins or Walker require that the court determine that an inmate has actual knowledge of pertinent facts before issuing a writ for the inmate's attendance at trial. Rather, as set forth above, Wiggins requires the court to consider various factors, including whether the inmate's presence will substantially further the resolution of the case.

Second, unlike in Walker, plaintiff seeks to call the inmate who undisputedly attacked plaintiff and which attack formed the basis for this action. Walker, proceeding pro se, argued that another inmate, Gurries, planted a knife in Walker's cell, and Walker filed suit challenging alleged improprieties in the subsequent prison disciplinary hearing. Id. Walker was attempting to call an inmate named Johnson, and Walker refused to indicate to what Johnson would testify. Id. Here, Robinson's connection to the case is clear.

////

Third, since counsel was appointed, other issues have arisen that were not developed on June 2, 2010, when plaintiff, proceeding pro se, sought leave to correspond with inmate Robinson. Despite inmate Robinson's June 8, 2010 sworn statement that he had no pertinent testimony to offer, it appears, at a minimum, that plaintiff intends to adduce evidence concerning Robinson's propensity for violence. In retrospect, the terms "pertinent testimony" are overbroad, and are subjective. It is unlikely that Robinson's view of "pertinent facts" corresponds with plaintiff's counsel's view of the facts, and plaintiff's counsel may ask questions inmate Robinson did not anticipate.

Fourth, although inmate Robinson claimed he does not remember events on or about May 19, 2004, plaintiff is entitled to attempt to refresh Robinson's recollection as to those events. Plaintiff is also entitled to question inmate Robinson as to other relevant issues, for example, plaintiff may seek to examine Robinson as to his history of violence. Such testimony may substantially further resolution of the case.

Finally, the court acknowledges the expense involved in transporting inmate Robinson from Lancaster, California, where inmate Robinson is presently incarcerated, and in providing security during transport and testimony. However, for all of the reasons set forth above, the court does not find that the expense outweighs the necessity of inmate Robinson's appearance at trial.

Therefore, defendants' motion to exclude inmate Robinson as a witness at trial is denied. The court will separately issue a writ for his attendance at trial.

Accordingly, IT IS HEREBY ORDERED that defendants' May 22, 2012 motion to exclude inmate Robinson as a witness (dkt. no. 202) is denied.

DATED: June 5, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

scru0633.rob

4