IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARTAY SCRUGGS,

      Plaintiff,                         No. 2:06-cv-0633 KJN P

   vs.

S. VANCE, et al.,

      Defendants.             ORDER

_____/

      Plaintiff is proceeding through counsel.  All parties have consented to proceed before the undersigned for all purposes.  See 28 U.S.C. § 636(c).  The parties' motions in limine came on for hearing on June 11, 2012.  As discussed during the hearing, IT IS HEREBY ORDERED that:

      1. Defendants' motion in limine "A" (dkt. no. 202), to exclude billing statements from Atascadero State Hospital ("ASH"), is granted without prejudice to plaintiff seeking to introduce particular records and entries related to treatment for the 2004 incident, subject to the standards set forth at the hearing.

      2. Defendants' motion in limine "B" excluding the statement of undisputed facts from the ruling on the motion for summary judgment is granted.

////

1

3.  Defendants' motion in limine "C" regarding CDCR operational procedures and memorandum is submitted until trial.

4.  Defendants' motion in limine "D," seeking to exclude inmate Robinson from testifying, is denied. The court has issued a writ for the attendance of inmate Robinson at trial. If plaintiff does not oppose having inmate Robinson testify via videoconference, plaintiff shall file such a request no later than fourteen days before trial.

5.  Defendants' motion in limine "E" regarding testimony by plaintiff's medical treaters is partially granted. On direct examination, plaintiff's medical treaters may testify as to opinions formed, or reasonably expected to have been formed, during treatment of plaintiff.[1] During direct examination, plaintiff's medical treaters may not testify as to causation or opinions formed outside the course of treatment.[2]

6.  Defendants' motion in limine "F" seeks to preserve their right to object to unforeseen ways exhibits might be offered at trial. This motion is well taken as to both parties; both parties retain their right to so object.

7.  Plaintiff's motion in limine "1" (dkt. no. 203) is partially granted. Expert witness Dr. Cheryl Paizis will not testify as set forth in her initial expert report (dkt. no. 203-6). Rather, Dr. Paizis may testify, without specific attribution to plaintiff, as to the following:

> Paranoid schizophrenia is a mental disorder that distorts the way a person thinks, perceives reality, and relates to others. It is often characterized by psychotic symptoms such as delusions and hallucinations. A person with schizoaffective disorder has psychotic symptoms and a mood disorder such as depression or bipolar disorder.

(Dkt. No. 205 at 3.) Plaintiff's motion to exclude Dr. Paizis' testimony as to the general

---

[1] If plaintiff is unable to meet with the medical treaters prior to trial, counsel may show the providers portions of medical records in an attempt to refresh their recollections.

[2] The parties have agreed that on cross-examination and rebuttal, plaintiff can offer the medical treaters' post-treatment opinions.

characteristics testimony related to post 2004 incidents (set forth at paragraphs numbered (2), (3), and (4) of defendants' response (id.)), is granted, without prejudice to defendants' renewal of the motion to admit such evidence during trial, based on plaintiff's testimony at trial, as discussed at the hearing on these motions.

8. Plaintiff's motion in limine "2" to exclude the opinions of Anthony Murphy is granted.

9. Plaintiff's motion in limine "3" to exclude prior convictions and arrests, and the 2007 felony battery, is partially denied.  The fact of plaintiff's 1999 conviction may be admissible to the extent defendants relied upon it in making double-celling decisions; evidence regarding collateral details of the conviction are excluded unless made relevant by plaintiff's testimony on direct examination.  The following statement regarding the 2006 incident that resulted in the 2007 conviction and plaintiff's placement in ASH may be adduced at trial:

> In 2007, plaintiff was convicted for felony battery, unrelated to the incident at issue here, which resulted in plaintiff's placement at Atascadero State Hospital.

This statement is admitted for purposes of impeachment, and to explain that plaintiff's placement at ASH was not based on the 2004 incident at issue here.  However, this exclusion is subject to review based on plaintiff's testimony on direct examination.

In all other respects, plaintiff's motion is granted, without prejudice to defendants' renewed motion to admit specific evidence based on plaintiff's testimony on direct examination.

10. Finally, plaintiff's motion in limine "4" to exclude plaintiff's rules violations reports is partially granted.  The actual records from the rules violations will not be provided to the jury.  The admissibility of the facts of the rules violations is submitted until trial.  For

////
////
////
////

1  example, the fact of pre-2004 rules violations may be admissible to the extent defendants relied
2  upon them in making double-celling decisions.
3         IT IS SO ORDERED.
4  DATED: June 11, 2012

                                    _____
                                    KENDALL J. NEWMAN
                                    UNITED STATES MAGISTRATE JUDGE

8  scru0633.mil

4